# In re Hasan ALI, Respondent

File A71 877 242 - Atlanta

*Decided December 9, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Neither an alien's long-standing minor illness existing prior to a grant of voluntary departure nor an allegation of serious illness to others, including family members, establishes the requisite exceptional circumstances under section 242B(f)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(f)(2) (1994), in the absence of evidence specifying how such circumstances resulted in the alien's failure to depart, which renders him or her ineligible for certain forms of discretionary relief from deportation under section 242B(e)(2) of the Act.

FOR RESPONDENT: Sandy E. Scott, Esquire, Marietta, Georgia

BEFORE: Board Panel: DUNNE, Vice Chairman; VACCA and VILLAGELIU, Board Members.

DUNNE, Vice Chairman:

ORDER:

PER CURIAM. In a decision dated August 22, 1995, an Immigration Judge granted the respondent's request for voluntary departure until November 22, 1995. The respondent failed to depart and subsequently filed a motion to reopen in which he sought to apply for adjustment of status. On September 4, 1996, the Immigration Judge denied the respondent's motion on the basis of his failure to depart voluntarily. The respondent then filed a motion to reconsider, which the Immigration Judge also denied on February 13, 1997.[1] The respondent appeals from that decision.

---

[1] There appears to be some question of timeliness with regard to the motion to reconsider. The Immigration Judge's order denying the motion to reopen is dated September 4, 1996. Pursuant to regulation, the respondent's motion to reconsider was due 30 days after the mailing of that decision. 8 C.F.R. § 3.2(b)(2) (1997). It was not filed until February 10, 1997, however, and would be considered untimely but for the fact that the record does not contain a transmittal letter indicating proof of service of the decision. Accordingly, as we are unable to determine when the Immigration Judge's decision on the motion to reopen was served on the respondent, we cannot conclude that the subsequent motion to reconsider was untimely filed.

Pursuant to section 242B(e)(2) of the Act, 8 U.S.C. § 1252b(e)(2) (1994), an alien who fails to depart following a grant of voluntary departure, and who has been provided written and oral notice of the consequences of remaining in the United States, is statutorily barred from applying for certain forms of discretionary relief absent a showing of exceptional circumstances for failing to depart. *See Matter of Shaar*, 21 I&N Dec. 541, 547 (BIA 1996). "The term 'exceptional circumstances' refers to 'exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien.'" *Id*. at 543 (quoting section 242B(f)(2) of the Act).

The respondent claims that he established exceptional circumstances for failing to depart voluntarily by November 22, 1995, by submitting evidence of his own serious illness and an automobile accident suffered by his son, his daughter-in-law, and their three children. However, the medical evidence regarding his own illness merely reflects a long history of decreased voice and hoarseness ensuing after a 1966 surgical operation in India with no adverse health effects. The November 16, 1995, facsimile transmission from his doctor states that surgery to remove scars from the 1966 surgery may be beneficial and that such surgery and follow up treatment may not be readily available in Pakistan. The physician's report does not reflect any sudden or recent health concerns precipitating this medical evaluation, which occurred shortly before the expiration of the voluntary departure period, for what is apparently a minor and long-standing problem. The fact that the airplane ticket for a November 21, 1995, flight to India, submitted as evidence of the respondent's alleged original intent to timely depart, was issued on November 16, 1995, after both the respondent's medical consultations with his doctor and his son's October 6, 1995, automobile accident, casts further doubt on the bona fides of the respondent's claim.

Similarly, the respondent's assertion that his son's automobile accident also establishes the requisite exceptional circumstances, when coupled with a request for an extension of voluntary departure to the district director, is unconvincing. An October 25, 1995, letter from another doctor states that the respondent's son and his wife and three children were under treatment for multiple injuries suffered as a result of an October 8, 1995, automobile accident. However, the same letter states that the respondent's son is able to drive, and his hardship is having to take time off from work to bring his family in for treatment. In addition, the police report listed only the respondent's grandchildren among those taken for medical treatment immediately after the accident and specified that only two of the children appeared injured. Absent sufficient evidence regarding the seriousness of the injuries or how it affected the 68-year-old respondent's alleged inability to depart voluntarily by November 22, 1995, the requisite exceptional circumstances as defined in section 242B(f)(2) of the Act have not been demonstrated.

In sum, neither a minor long-standing illness existing prior to the grant of voluntary departure nor an allegation of serious illness to others, including family members, establishes the requisite exceptional circumstances under section 242B(f)(2) of the Act in the absence of evidence specifying how such circumstances resulted in the alien's failure to depart. Adequate documentary evidence must be submitted to support a claim of exceptional circumstances. Based on the foregoing, we find that the respondent is statutorily ineligible for adjustment of status because he failed to depart voluntarily after having been provided with written and oral warnings of the consequences of such action and failed to establish exceptional circumstances for his actions. *See* sections 242B(e)(2), (5), (f)(2) of the Act. The respondent's appeal is dismissed.