# In the
# United States Court of Appeals
## For the Seventh Circuit

—————————

No. 03-3130

EFTIN LABOSKI,

*Petitioner*,

v.

JOHN D. ASHCROFT,

*Respondent.*

—————————

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A77-753-810

—————————

SUBMITTED SEPTEMBER 10, 2004—DECIDED OCTOBER 21, 2004

—————————

Before FLAUM, *Chief Judge*, and POSNER and ROVNER,
*Circuit Judges*.

FLAUM, *Chief Judge*. Petitioner Eftin Laboski, a citizen
of Macedonia, petitions this Court for review of an order of
the Board of Immigration Appeals ("BIA"), denying his mo-
tion for reconsideration of the dismissal of his administra-
tive appeal. The BIA dismissed the appeal on the ground
that it was untimely. The government now seeks dismissal
of Laboski's petition for lack of subject matter jurisdiction,
or in the alternative, summary affirmance of the BIA's de-
cision. For the reasons stated herein, we hold that we have
jurisdiction to review the BIA's order, and that the BIA did
not abuse its discretion in determining that Laboski's ap-

peal of the Immigration Judge's ("IJ's") denial of his motion to reopen his case was untimely. Accordingly, we affirm the BIA's denial of Laboski's motion to reconsider.

## I. Background

Laboski was admitted to the United States on or about February 18, 2001, as a non-immigrant visitor, and was authorized to remain in the United States until May 17, 2001. However, Laboski overstayed his visa and violated its terms by being employed for wages or other compensation without the authorization of the Immigration and Naturalization Service ("INS").[1] The INS commenced removal proceedings.

On September 10, 2001, the IJ granted Laboski's motion for a change of venue from El Paso, Texas to Chicago, Illinois. On October 4, 2001, the INS mailed Laboski notice of a hearing scheduled for February 7, 2002. Laboski appeared at that hearing represented by counsel, where he admitted the allegations against him and conceded removability. Although he was scheduled to appear at a subsequent hearing on September 12, 2002, Laboski did not show up on that date. The IJ ordered Laboski removed from the United States in absentia, stating: "The respondent, by failing to appear at the scheduled hearing, has not established entitlement to any relief from removal and has waived the right to designate a country of removal under the provisions of Section 241(b) of the [Immigration and Nationality] Act." (A.R. at 41.)

On November 18, 2002, Laboski filed a motion to reopen the case and rescind the deportation order, claiming that he

---

[1] As of February 2003, the INS ceased to exist. The Bureau of Immigration and Customs Enforcement in the new U.S. Department of Homeland Security now performs the immigration enforcement function that was previously the responsibility of the INS.

could not confirm his scheduled appearance because of his inability to communicate with the court and with his counsel. The IJ denied Laboski's motion to reopen on December 17, 2002, finding that his loss of contact or miscommunication with his attorney did not constitute exceptional circumstances excusing Laboski's failure to appear at the hearing. The IJ issued a written decision dated December 17, 2002, which was sent to Laboski's attorney with a "transmittal letter" of the same date.

On January 17, 2003, Laboski filed a Notice of Appeal with the BIA, seeking administrative review of the IJ's denial of his motion to reopen. The BIA dismissed the appeal as untimely on March 28, 2003. The BIA found that the IJ's decision was mailed on December 17, 2002, and therefore, the Notice of Appeal was due on or before January 16, 2003, thirty days from the mailing of the IJ's decision. On April 25, 2003, Laboski moved the BIA to reconsider, asserting that the IJ's decision dated December 17, 2002 had not been mailed to his attorney until December 18, 2002, making Laboski's notice of appeal timely. The BIA denied Laboski's motion to reconsider on July 15, 2003. Based on its review of the record, the Board concluded that the December 17, 2002 order was mailed out on that date, and therefore the Notice of Appeal was due January 16, 2003. Laboski timely petitioned this Court for review of the denial of the reconsideration motion.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

The government argues that we should dismiss Laboski's petition for lack of subject matter jurisdiction. Specifically, it contends that, by failing to appeal the IJ's initial order of removal, Laboski has not exhausted his administrative remedies.

We disagree. To preserve the right to judicial review, an alien must raise and exhaust his administrative remedies as to each claim or ground for relief. *Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004). Although Laboski did not appeal the initial order of removal, he sought review of the IJ's denial of his motion to rescind the deportation order and reopen the case. The BIA first dismissed Laboski's administrative appeal as untimely on March 28, 2003. Laboski then moved the BIA to reconsider, arguing that his administrative appeal was in fact timely. However, the Board denied his reconsideration motion on July 15, 2003. Because the BIA had ample opportunity to consider Laboski's argument concerning the timeliness of his appeal, he did not fail to exhaust his administrative remedies on this issue, and it is properly before this Court. Moreover, the government concedes that Laboski timely petitioned this Court to review the Board's denial of his motion to reconsider. *See* 8 U.S.C. § 1252(b)(1), (2); *cf. Awad v. Ashcroft*, 328 F.3d 336, 340 (7th Cir. 2003) (stating that because the appellant "failed to raise the stop time issue in her motion to reconsider, she disregarded the statutory requirement that she exhaust all administrative remedies before seeking this Court's review of the INS decision"); *Bosede v. Ashcroft*, 309 F.3d 441, 447 (7th Cir. 2002) (stating that before the appellant is entitled to judicial review, she must file a motion to reopen or a petition to the INS director to have the agency decide the issue).

## B. Review of BIA Decision

We review the BIA's denial of Laboski's motion for reconsideration for abuse of discretion. *Awad*, 328 F.3d at 341. Our review is limited to "whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." *Nwaokolo v. INS*, 314 F.3d 303, 307 (7th Cir. 2002).

Laboski argues that the BIA's denial of his motion for reconsideration constitutes an abuse of discretion because the decision contains no rational explanation. It is undisputed, however, that Laboski had thirty days from the mailing of the IJ's decision to file a Notice of Appeal with the BIA. *See* 8 C.F.R. § 1003.38(b) ("The Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge (Form EOIR-26) shall be filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision."); 8 C.F.R. § 1003.3(a)(1) ("An appeal is not properly filed unless it is received at the Board . . . within the time specified in the governing sections of this chapter.").

Laboski contends that the BIA's conclusion that the IJ's December 17, 2002 decision was mailed on that date is not supported by substantial evidence in the record. Laboski disputes that the document accompanying the decision is a "transmittal letter," arguing that the INS form letter did not have the proper box checked.[2] Laboski has not argued, however, that he did not receive notice of his right to appeal, nor does he cite any authority to show that the transmittal letter in the record was inadequate.

The BIA did not abuse its discretion in refusing to reconsider its denial of Laboski's appeal. The BIA's finding that Laboski failed to file the appeal within the proper time

---

[2] The letter itself had several options for the clerk of court to mark, one of which states: "Attached is a copy of the decision of the Immigration Judge. This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision." (A.R. at 32.) This paragraph was not checked in Laboski's letter; the paragraph actually checked states: "Other: Judge Cuevas' decision dated Dec. 17, 2002 denying motion to re-open." (*Id.*)

period is supported by the record. The IJ's decision was dated December 17, 2002. A letter referring to that decision and identifying Laboski's case number was signed by the clerk of court and sent to Laboski's attorney on the same date. While Laboski contends that the IJ's decision was actually mailed the following day, he points to no evidence to support this contention. Laboski did not submit any affidavits regarding the date of mailing or receipt of the IJ decision, nor did he submit a postmark showing a December 18 mailing date. Courts have held in similar circumstances that a BIA decision is presumed to be mailed on the date of the transmittal letter, absent evidence to the contrary. *See Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996) ("[T]he only proof we have as to when the BIA's order was mailed is the cover letter accompanying the order. The cover letter was dated June 17, 1994, and we presume that the final order of deportation was mailed on that date."); *Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993) ("Because it adequately appears from the record that the BIA decision was properly mailed to petitioners' counsel on November 18, 1992, and because there is nothing before us to indicate otherwise, . . . the date of the BIA decision is controlling."). In *In re Ali*, 21 I. & N. Dec. 1058 (BIA 1997), the case on which Laboski relies, the BIA did not find petitioner's motion to reconsider untimely where the record contained *no* transmittal letter indicating proof of service of the IJ decision. *Id.* at 1058 n.1. Because the record in this case contains evidence of a transmittal letter dated December 17, 2002, the BIA was correct to conclude that Laboski's administrative appeal was due on January 16, 2003.

Laboski also contends that the BIA abused its discretion in denying Laboski's motion to reconsider because the IJ's decision failed to address whether, in light of his inability to understand English, Laboski received proper notice of the September 12 hearing and the consequences of failing to appear at this hearing. We decline to review the merits

of the IJ's decision, however, because they are not properly before us. Laboski's petition only seeks review of the BIA's July 15, 2003 decision denying his motion to reconsider. *See Awe v. Ashcroft*, 324 F.3d 509, 514 (7th Cir. 2003) ("Since our appellate review is limited to the BIA's final orders of removal, we decline to look beyond the BIA's stated, procedural reasons for dismissing Awe's appeal and will not undertake a review of the merits of Awe's case as decided by the IJ.").

Finally, to the extent that Laboski claims that he was deprived of effective assistance of counsel during his deportation proceedings, he has waived this claim by raising it for the first time on appeal. *See Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998).

### III. CONCLUSION

For the foregoing reasons, the decision of the BIA is AFFIRMED.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*