# Matter of Ruth R. ECHEVERRIA, Respondent

*Decided June 1, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A late initial registrant for Temporary Protected Status ("TPS") under 8 C.F.R.
§ 1244.2(f)(2) (2011) must independently meet all initial registration requirements of TPS.

(2) One of the initial registration requirements applicable to a late initial registrant is that
the applicant must be a national (or, in the case of an alien having no nationality, a habitual
resident) of a foreign state currently designated for TPS by the Attorney General.

FOR RESPONDENT: Elissa C. Steglich, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Joseph Silver, Assistant Chief
Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated May 13, 2008, an Immigration Judge denied the
respondent's application for Temporary Protected Status ("TPS") under section
244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254a(a) (2006),
and ordered her removed from the United States. The respondent has appealed
from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Argentina who was admitted to the
United States as a nonimmigrant visitor on February 25, 1998, and remained
beyond the period of her authorized stay. On February 2, 2002, the respondent
married her spouse, who received TPS as a national of El Salvador during the
initial registration period and subsequently renewed that status.

In a Notice to Appear (Form I-821) dated September 25, 2007, the
Department of Homeland Security ("DHS") charged that the respondent
is subject to removal under section 237(a)(1)(B) of the Act, 8 U.S.C.
§ 1227(a)(1)(B) (2006), as an alien who remained in the United States for
a time longer than permitted. On December 13, 2007, the respondent filed

an Application for Temporary Protected Status (Form I-821) as the spouse of "an alien currently eligible to be a TPS registrant" pursuant to 8 C.F.R. § 244.2(f)(2)(iv) (2007). In a Notice of Action (Form I-797) dated January 4, 2008, the DHS denied the respondent's TPS application, explaining that it was denied because she is not a national of any foreign state for which the DHS was then processing TPS applications.

On March 4, 2008, the respondent renewed her application for TPS before the Immigration Judge, who denied the request on April 1, 2008, because the respondent, who is the spouse of a national of a foreign state currently designated for TPS, is not herself such a national. The respondent filed a motion for reconsideration of the Immigration Judge's decision, which he denied in a decision dated May 12, 2008, again based on her inability to independently satisfy the nationality requirement for TPS. The following day the respondent appeared before the Immigration Judge. Having conceded removability on the basis of the factual allegations in the Notice to Appear and having applied for no further relief from removal, the respondent was ordered removed to Argentina on May 13, 2008.[1]

## II. ISSUE

The issue before us is whether an alien seeking TPS as a derivative spouse must be from a foreign state designated for TPS eligibility.[2]

## III. ANALYSIS

The law regarding Temporary Protected Status was enacted as section 244A of the Act, 8 U.S.C. § 1254a (Supp. II 1990), by section 302(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5030. It was subsequently redesignated as section 244 of the Act by section 308(b)(7) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-615 ("IIRIRA"). The

---

[1] We have jurisdiction to review the Immigration Judge's April 1, 2008, and May 12, 2008, decisions to the same extent that we have jurisdiction to review his final decision on May 13, 2008. *See Matter of Sacco*, 15 I&N Dec. 109, 110 (BIA 1974) ("On appeal from a decision of an immigration judge, we review such interlocutory decisions as may be raised by the parties.").

[2] The respondent submitted a brief after filing a timely appeal on June 9, 2008. We received no response brief from the DHS during the initial briefing period. However, in response to our request for supplemental briefing, the DHS filed a brief in which it supports the Immigration Judge's decision.

Attorney General has published regulations implementing the TPS statute, including rules regarding eligibility, which currently provide as follows:

> Except as provided in §§ 1244.3 and 1244.4, an alien may in the discretion of the director be granted Temporary Protected Status if the alien establishes that he or she:
>
> (a) Is a national, as defined in section 101(a)(21) of the Act, of a foreign state designated under section 244(b) of the Act;
>
> (b) Has been continuously physically present in the United States since the effective date of the most recent designation of that foreign state;
>
> (c) Has continuously resided in the United States since such date as the Attorney General may designate;
>
> (d) Is admissible as an immigrant except as provided under § 1244.3;
>
> (e) Is not ineligible under § 1244.4; *and*
>
> (f)(1) Registers for Temporary Protected Status during the initial registration period announced by public notice in the Federal Register, *or*
>
> (2) During any subsequent extension of such designation if at the time of the initial registration period:
>
> (i) The applicant is a nonimmigrant or has been granted voluntary departure status or any relief from removal;
>
> (ii) The applicant has an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal which is pending or subject to further review or appeal;
>
> (iii) The applicant is a parolee or has a pending request for reparole; *or*
>
> (iv) The applicant is a *spouse or child of an alien currently eligible to be a TPS registrant.*
>
> (3) Eligibility for *late initial registration* in a currently designated foreign state shall also continue until January 15, 1999, for any applicant who would have been eligible to apply previously if paragraph (f)(2) of this section as revised had been in effect before November 16, 1998.
>
> (g) Has filed an application for late registration with the appropriate Service director within a 60-day period immediately following the expiration or termination of conditions described in paragraph (f)(2) of this section.

8 C.F.R. § 1244.2 (2011) (emphasis added).[3]

The respondent argues that she was eligible for late initial registration under the regulations as the spouse of "an alien currently eligible to be a TPS registrant." In support of her assertions, she relies on an unpublished decision of the Board.

Section 244(a)(1) of the Act contemplates that TPS will be granted only to nationals of (or aliens who last habitually resided in) a foreign state designated by the Attorney General.[4] Additional eligibility requirements for

---

[3] The regulations relating to TPS applications submitted to the DHS are at 8 C.F.R. § 244.2 (2011).

[4] The purpose of TPS is to provide "temporary protection in the United States to persons of designated foreign states that are experiencing ongoing civil strife, environmental disaster,

(continued...)

TPS, including those relating to continuous physical presence and residence, admissibility, and registration for TPS benefits, are set forth in section 244(c)(1)(A) of the Act, which is titled "Nationals of designated foreign states." The United States Court of Appeals for the Third Circuit, within whose jurisdiction this case arises, has held that section 244(c)(1)(A) of the Act is unambiguous in its imposition of these eligibility requirements. *See De Leon-Ochoa v. Att'y Gen. of the U.S.*, 622 F.3d 341, 344 (3d Cir. 2010) (recognizing that "[b]y statute" applicants for TPS must (1) be nationals of a foreign state designated for TPS and (2) meet the additional eligibility requirements set forth under section 244(c)(1)(A) of the Act). We agree with the Third Circuit that the statute is clear. Furthermore, to the extent that any ambiguity may exist, we find that the regulations (which are binding on the Board) also support the conclusion that there is no authority for a grant of TPS to aliens who are not nationals (or habitual residents) of a designated foreign state. *See Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871 (2011) (deferring to an agency's interpretation of its own regulation unless the interpretation is plainly erroneous or inconsistent with the regulation).

When the Attorney General published the interim rule setting forth the initial regulations implementing the TPS statute, it did not provide for the registration of benefits outside the initial registration period designated by the Attorney General. There was therefore no "late initial registration" and, correspondingly, no reference to spouses or children of aliens "currently eligible to be a TPS registrant." *See Temporary Protected Status*, 56 Fed. Reg. 618, 619 (Jan. 7, 1991), *as amended by Temporary Protected Status*, 56 Fed. Reg. 23,491, 23,497 (May 22, 1991). The first version of the regulation implementing the eligibility requirements in the Act was functionally indistinguishable from the statute.[5] *Compare* 8 C.F.R. § 240.2 (1992),

---

(...continued)

or certain other extraordinary and temporary conditions." Temporary Protected Status, Exception to Registration Deadlines, 63 Fed. Reg. 63,593, 63,594 (Nov. 16, 1998) (Supplementary Information); *see also Matter of Sosa-Ventura*, 25 I&N Dec. 391, 394 (BIA 2010).

[5] The first version of the eligibility regulation for TPS at 8 C.F.R. § 240.2 (1992) provided:

> Except as provided in §§ 240.3 and 240.4, an alien may in the discretion of the district director be granted Temporary Protected Status if the alien establishes that he or she:
> (a) Is a national, as defined in section 101(a)(21) of the Act, of a state designated under section 244A(b) of the Act;
> (b) Has been continuously physically present in the United States since the effective date of the most recent designation of that state;

(continued...)

*with* section 244A(c)(1)(A) of the Act, 8 U.S.C. § 1254a(c)(1)(A) (Supp. II 1990). Thus, the former regulation and the statute set forth requirements for TPS regarding continuous physical presence and residence, admissibility, and registration and nothing more. *See De Leon-Ochoa v. Att'y Gen. of the U.S.*, 622 F.3d at 355 (recognizing that "Congress spoke unambiguously when it required that TPS applicants demonstrate continuous residency from the date designated by the Attorney General and continuous physical presence from the most recent designation"); *Cervantes v. Holder*, 597 F.3d 229, 237-38 (4th Cir. 2010) (Traxler, C.J., concurring) (same).

That changed in 1993, when the Attorney General published an interim rule providing "an exception to the deadlines for registering for Temporary Protected Status (TPS) to those persons who did not register for TPS because they are or were in a valid immigrant or nonimmigrant status during the initial registration period." Temporary Protected Status, Exception to Registration Deadlines, 58 Fed. Reg. 58,935, 58,935 (Nov. 5, 1993) (Summary). The Attorney General explained further:

> This rule applies to those persons, in the United States, who are or were in any valid nonimmigrant status, or in a valid immigrant status, such as conditional or temporary resident status, on the date their country of nationality or, if stateless, last habitual residence was designated for Temporary Protected Status, who did not register for TPS during the first period of designation. They will now be able to apply for TPS after the announced registration period, whether their valid status has subsequently continued, ended, or been terminated.

*Id*. at 58,936 (Supplementary Information). To clarify that existing statutory and regulatory eligibility requirements would remain intact, however, the interim rule expressly provided that "[p]ersons covered by this exception must meet *all other requirements of TPS* including presence in the United States

---

(...continued)

      (c) Has continuously resided in the United States since such date as the Attorney General may designate;

      (d) Is admissible as an immigrant except as provided under § 240.3;

      (e) Is not ineligible under § 240.4; and

      (f) Timely registers for Temporary Protected Status.

at the time the foreign state in question was designated for TPS."[6]   *Id.* (emphasis added).

   The interim rule, subject to certain relevant amendments discussed below, became final on November 16, 1998.   *See* Temporary Protected Status, Exception to Registration Deadlines, 63 Fed. Reg. 63,593 (Nov. 16, 1998). The exception to the initial registration deadlines announced in the interim rule had been "limited to otherwise eligible aliens who . . . were in any valid nonimmigrant or immigrant status on the date their country was designated for TPS, and who did not register during the initial registration period."   *Id.* at 63,594 (Supplementary Information). However, the final rule broadened the exception to include nationals of designated foreign states who, during the initial designation of their foreign state, were "in a status or a condition that made it unnecessary or discouraged registration . . . , including parolees and pending asylum applicants."   *Id.*; *see also* 8 C.F.R. § 1244.2(f)(2) (also including in the exception nonimmigrants; applicants who have been granted voluntary departure or any other form of relief from removal, or whose application for relief is pending or subject to further review or appeal; and children or spouses whose parents or spouses have registered for TPS, but who were not themselves registered). However, the final rule explicitly reiterated the admonition set forth in the interim rule that "[p]ersons covered by this exception must meet all other requirements of TPS including presence in the United States at the time the *foreign state in question* was designated for TPS." Temporary Protected Status, Exception to Registration Deadlines, 63 Fed. Reg. at 63,594 (emphasis added).  These changes made by the November 18, 1998, final rule produced the current regulation on which this case turns.[7]

---

[6] At the time of the November 5, 1993, interim rule, the eligibility requirements of former 8 C.F.R. § 240.2 were amended to add the following requirements regarding registration:

> (f)(1) Registers for Temporary Protected Status during the initial registration period; or
> (2) Is or was in valid immigrant or nonimmigrant status during the registration period, and registers no later than 30 days from the expiration of such status during any subsequent period of redesignation, or by February 3, 1994, whichever date is later.

Temporary Protected Status, Exception to Registration Deadlines, 58 Fed. Reg. at 58,937.
[7] Following the redesignation of former section 240 of the Act to the current section 244 by the enactment of the IIRIRA, the regulations regarding TPS eligibility were included in 8 C.F.R. § 244.2 (1998).  The eligibility regulation is also now at 8 C.F.R. § 1244.2.

When construing the Attorney General's regulations, we apply the customary canons of statutory construction. *See Matter of Martinez-Montalvo*, 24 I&N Dec. 778, 783 (2009); *Matter of F-P-R-*, 24 I&N Dec. 681, 683 (BIA 2008); *Matter of N-B-*, 22 I&N Dec. 590, 592 (BIA 1999). Under our primary canon of construction, the plain meaning rule, "there is 'no more persuasive evidence of the purpose of a [regulation] than the words by which the [Attorney General] undertook to give expression to [her] wishes.'" *Matter of Artigas*, 23 I&N Dec. 99, 100 (BIA 2001) (quoting *Perry v. Commerce Loan Co.*, 383 U.S. 392, 400 (1966)), *superseded by regulation on other grounds*, *as recognized in Matter of Martinez-Montalvo*, 24 I&N Dec. at 783. And when we construe a regulation that implements a statutory provision enacted by Congress, as we do in this case, wherever possible we read the regulatory provision together with the statute in a manner intended to promote the harmonious achievement of the ends envisioned by Congress. *See Matter of Monges*, 25 I&N Dec. 246, 249-52 (BIA 2010); *Matter of Singh*, 24 I&N Dec. 331, 333 (BIA 2007), *aff'd*, 536 F.3d 149 (2d Cir. 2008).

The regulation at 8 C.F.R. § 1244.2 sets forth the TPS initial registration eligibility requirements for TPS in six discrete subsections, indicated as (a) through (f)(1). The use of the conjunction "and" between subsections (e) and (f) constitutes a clear indication that an initial TPS registrant must satisfy each of the six discrete eligibility requirements. *See generally* 1A Norman J. Singer, *Sutherland Statutory Construction* § 21.14 (4th ed. 1985) (discussing conjunctive and disjunctive statutory language). Furthermore, the Attorney General's admonitions in both the interim and final rules of November 5, 1993, and November 16, 1998, respectively, that applicants for late initial registration "must meet all other requirements of TPS," constitute a clear statement that the initial registration requirements are to be understood in the conjunctive, rather than the disjunctive. *See Cervantes v. Holder*, 597 F.3d at 235 (relying upon the Supplementary Information in the November 16, 1998, Federal Register entry to conclude that "late initial registrants were obliged to independently satisfy the statutory requirements for TPS"); *Matter of T-M-H- & S-W-C-*, 25 I&N Dec. 193, 195 (BIA 2010) ("Although the Supplementary Information is not binding, we find it a useful tool in interpreting the regulations at issue." (citing *Wakkary v. Holder*, 558 F.3d 1049, 1058 n.4 (9th Cir. 2009), and *Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 158 n.13 (1982))); *Matter of Koloamatangi*, 23 I&N Dec. 548, 550 (BIA 2003) (looking to the "explanatory materials" in the Federal Register accompanying an amendment of the regulatory provision at issue to ascertain the reasons for which the Attorney General amended the regulation).

In contrast, subsections (f)(1) and (2) are divided by the disjunctive conjunction "or." This indicates that the provisions of subsection (f)(2) are not included in the eligibility requirements for initial TPS registrants

in subsection (f)(1). Rather, subsection (f)(2), which is comprised of subparagraphs (i) through (iv), sets forth four separate and distinct conditions precedent for late initial registration for TPS. It does not, however, provide any independent, alternative means for establishing eligibility for TPS. In other words, those applicants qualifying for late initial registration under one of the four conditions precedent set forth in subsection (f)(2) must still establish eligibility for TPS in accordance with subsections (a) through (e). Only this interpretation squares with the Attorney General's admonition that applicants for late initial registration "must meet all other requirements of TPS."

The respondent is not a national of a designated foreign state for which the Attorney General has authorized TPS under section 244(b) of the Act, in this case El Salvador. Thus, since she is not able to satisfy the initial registration requirements for TPS, she is foreclosed from establishing eligibility for TPS as a late initial registrant. 8 C.F.R. § 1244.2(a)

The respondent relies on an unpublished decision from 2005 in which we came to a different conclusion from the one we reach today.[8] However, unpublished decisions are not binding precedent. *See De Leon-Ochoa v. Att'y Gen. of the U.S.*, 622 F.3d at 350; *Matter of Zangwill*, 18 I&N Dec. 22, 27 (BIA 1981), *overruled on other grounds*, *Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988). In any case, for the reasons stated above, we decline to reach the result in the unpublished order on which the respondent relies. *Cf. Johnson v. Ashcroft*, 286 F.3d 696, 700 (3d Cir. 2002) ("Although an agency can change or adapt its policies, it acts arbitrarily if it departs from its established precedents without 'announcing a principled reason' for the departure." (quoting *Fertilizer Inst. v. Browner*, 163 F.3d 774, 778 (3d Cir.1998))).

Because the respondent cannot independently qualify for TPS as an initial registrant (aside from the timing of the application), the Immigration Judge properly denied her renewed application for TPS as a late initial registrant. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[8] In other unpublished decisions, we have concluded that TPS is only available to nationals of designated foreign states. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 (2d Cir. 2008) ("[T]he BIA noted that Lebanon was not a designated country under the TPS program, and [the alien] therefore was ineligible for temporary protected status."); *cf. Kasnecovic v. Gonzales*, 400 F.3d 812, 814 (9th Cir. 2005) (noting that the alien's TPS application was denied in 1999 because she failed to establish that she was a national of the part of the foreign state designated for TPS, namely, Kosovo Province, Yugoslavia).