# Matter of S-L-H- & L-B-L-, Respondents

*Decided June 30, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Immigration Judges may exercise their discretion to rescind an in absentia removal order and grant reopening where an alien has established through corroborating evidence that his or her late arrival at a removal hearing was due to "exceptional circumstances" under section 240(e)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(e)(1) (2018), and, in doing so, should consider factors such as the extent of the alien's tardiness, whether the reasons for the alien's tardiness are appropriately exceptional, and any other relevant factors in the totality of the circumstances.

(2) Corroborating evidence may include, but is not limited to, affidavits, traffic and weather reports, medical records, verification of the alien's arrival time at the courtroom, and other documentation verifying the cause of the late arrival; however, general statements—without corroborative evidence documenting the cause of the tardiness—are insufficient to establish exceptional circumstances that would warrant reopening removal proceedings. *Matter of S-A-*, 21 I&N Dec. 1050 (BIA 1997), *reaffirmed and clarified.*

FOR RESPONDENT:  Farhad B. Sethna, Esquire, Cuyahoga Falls, Ohio

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jeremy Santoro, Assistant Chief Counsel

BEFORE:  Board Panel:  GREER, O'CONNOR, and GOODWIN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

On March 6, 2019, an Immigration Judge ordered the respondents removed in absentia. They filed a motion to rescind the in absentia order and reopen their removal proceedings. In a decision dated May 3, 2019, the Immigration Judge denied their motion. The respondents have appealed from this decision. The Department of Homeland Security opposes the appeal. The appeal will be sustained, the proceedings will be reopened, and the record will be remanded.

The respondents are a mother and son who are natives and citizens of Guatemala. They entered the United States without admission or parole. On December 5, 2016, the female respondent attended an initial master calendar hearing. On March 21, 2017, she filed an application for asylum under

section 208(b)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(A) (2012), withholding of removal under section 241(b)(3)(A) of the Act, 8 U.S.C. § 1231(b)(3)(A) (2012), and protection under the regulations implementing the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture").[1]  On September 8, 2017, the female respondent appeared at the Cleveland Immigration Court for an individual hearing on the merits of her application, but proceedings were continued to March 6, 2019.

On that date, the female respondent did not appear in the courtroom at the scheduled time of her continued hearing.  Therefore, the Immigration Judge properly entered an in absentia order in this matter.  *See* section 240(b)(5)(A) of the Act, 8 U.S.C. § 1229a(b)(5)(A) (2018); 8 C.F.R. § 1003.26(c) (2020).  The respondents subsequently filed a motion to rescind the in absentia removal order and reopen proceedings on March 11, 2019.

As an initial matter, we conclude that the respondents' motion was timely under the general 90-day filing deadline governing motions to reopen and the extended 180-day filing deadline governing motions based on a claim that "exceptional circumstances" caused a failure to appear at a removal hearing.  *See* sections 240(b)(5)(C)(i), (c)(7)(C)(i) of the Act; 8 C.F.R. § 1003.23(b)(1), (4)(ii) (2020).

In the motion to reopen, the respondents averred that the female respondent arrived late for her hearing, despite hiring a driver, as a result of severe weather conditions and related traffic accidents.  They further contended that she established exceptional circumstances, which excuse her late arrival and warrant rescinding the in absentia removal order and reopening proceedings.  *See* section 240(b)(5)(C)(i) of the Act; *see also* section 240(e)(1) of the Act (defining "exceptional circumstances" for purposes of section 240(b)(5)(C)(i) of the Act).

In support of the motion, the respondents submitted affidavits from the female respondent and her driver, as well as media reports describing snow and multiple traffic accidents that occurred the morning of the hearing.  The reports document severe traffic delays that affected several major thoroughfares in Ohio, including I-71, I-76, I-77, I-271, and I-480.  Weather data indicated that the temperature for the day was lower than usual for the time of year.  The driver attempted to take I-480, but became stuck in a heavy traffic jam caused by an accident.  Although the driver exited I-480 and took

---

[1]   The male respondent is a derivative beneficiary of his mother's asylum application.  He also filed a separate application for asylum and withholding of removal under the Act and the Convention Against Torture.

side streets to the Cleveland Immigration Court, the female respondent arrived at the Immigration Court at 9:10 a.m., 40 minutes after the scheduled start time of her hearing.

The Immigration Judge denied the respondents' motion to reopen, finding that the female respondent did not establish exceptional circumstances for her untimely appearance.[2]  The respondents reassert their arguments on appeal.  Relatedly, the female respondent contends that her situation is exceptional because she appeared at all prior hearings during a period of 9 months, the respondents previously filed asylum applications with the Immigration Court, and she promptly filed a motion to reopen.[3]

Untimely appearances in Immigration Court severely impact the functioning of the court.  Congress has mandated that a failure to appear for a scheduled hearing may only be excused by "exceptional circumstances." Section 240(b)(5)(C)(i) of the Act.  Reasons for a tardy appearance may constitute "exceptional circumstances" in some situations, even if those reasons are not specified in section 240(e)(1) of the Act.

Because Congress clearly intended to require an alien to either appear before an Immigration Court or show exceptional circumstances justifying a failure to appear, we conclude that an alien's tardiness may only be excused if the alien clearly demonstrates exceptional circumstances justifying his or her late appearance.  Adverse weather conditions, traffic congestion, and security checkpoints in Government buildings are common issues faced by travelers.  Therefore, delays caused by these factors and similar commonplace delays will not ordinarily constitute sufficiently exceptional circumstances to excuse the late arrival of an alien to the courtroom.  In cases such as these, where the alien has been ordered removed in absentia following a failure to timely appear, the alien must demonstrate exceptional circumstances as required by the Act.  Where the alien demonstrates reasons

---

[2]  The respondents also contend that the female respondent's late arrival does not constitute a failure to appear under section 240(b)(5) of the Act.  The United States Court of Appeals for the Sixth Circuit, in whose jurisdiction this case arises, has not issued a precedential decision on this issue.  *See Camaj v. Holder*, 625 F.3d 988, 992–93 (6th Cir. 2010) (discussing in dicta other circuit court decisions addressing whether "slight tardiness" to one's hearing constitutes a failure to appear at an immigration proceeding). Because we conclude that the female respondent established exceptional circumstances that excuse her late arrival, we do not consider her argument in this regard, which was not addressed by the Immigration Judge.

[3]  Although the female respondent further argues that she demonstrated reasonable cause for her late arrival, this standard is inapplicable to the instant matter.  *See Matter of Cruz-Garcia*, 22 I&N Dec. 1155, 1159 (BIA 1999) (holding that the "reasonable cause" standard applies to aliens who are seeking to reopen deportation proceedings conducted under former section 242(b) of the Act, 8 U.S.C. § 1252(b) (1988)).  We also observe that the respondents' appellate brief relies upon several unpublished Board decisions, which "are not binding precedent." *Matter of Echeverria*, 25 I&N Dec. 512, 519 (BIA 2011).

for his or her tardiness beyond commonplace delays, such as a serious and unforeseeable accident preventing a timely appearance, then the alien may be able to demonstrate "exceptional circumstances" as defined in section 240(e)(1) of the Act, depending on the specific facts of the case.

The decision to grant or deny a motion to reopen based on a late appearance due to exceptional circumstances is within the discretion of the Immigration Judge. 8 C.F.R. §1003.23(b)(1)(iv). The term "exceptional circumstances" refers to situations "beyond the control of the alien," such as "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien." Section 240(e)(1) of the Act.

In determining whether an alien has established exceptional circumstances, the "totality of the circumstances" pertaining to the alien's case should be considered. *E.A.C.A. v. Rosen*, 985 F.3d 499, 504 (6th Cir. 2021) (quoting *Acquaah v. Holder*, 589 F.3d 332, 335 (6th Cir. 2009)). How late the alien arrives for her scheduled court appearance is a significant factor to consider, along with the reason(s) for her tardiness, in the totality of the circumstances. *See generally Murillo-Robles v. Lynch*, 839 F.3d 88, 92–94 (1st Cir. 2016) (holding that the Board abused its discretion by not giving proper weight to the minor extent of an alien's tardiness).[4]

The totality of the circumstances approach may also take into account any other factors relevant to the alien's individual case. For example, an alien's young age may be relevant where there are multiple impediments to attending the removal hearing. *See E.A.C.A.*, 985 F.3d at 505–06. Other factors, such as prior attendance at hearings, eligibility for relief from removal, and promptness in filing the motion to reopen may shed light on whether the alien intended to appear on time or otherwise had an incentive to do so. *See Jimenez-Castro v. Sessions*, 750 F. App'x 406, 409 (6th Cir.

---

[4] Motions form a large category of determinations involving factor-based analysis tied to the evidence presented. For example, in the continuance context, these requests typically involve an evaluation of specific factors that fit a procedural framework. *See, e.g.*, *Matter of L-A-B-R-*, 27 I&N Dec. 405, 413 (A.G. 2018) (discussing and refining factors to consider in deciding whether to continue removal proceedings pending adjudication of a family-based immigrant visa petition). While case law for the particular application for relief provides guidance on relevant factors to consider, Immigration Judges are not limited in this regard and assign weight as they see fit. *See INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30 (1996) (explaining that the statute does not limit the factors that may be considered in determining discretionary merit for a waiver of deportability under former section 241(a)(1)(H) of the Act, 8 U.S.C. § 1251(a)(1)(H) (1994)). Significantly, the Immigration Judge must consider and weigh both positive and negative factors. *See Matter of Aguilar-Mendez*, 28 I&N Dec. 262, 266–67 (BIA 2021) (remanding for the Immigration Judge to make findings of fact regarding the relevant favorable and unfavorable factors in an application for voluntary departure).

2018); *see also Acquaah*, 589 F.3d at 335–36; *cf. Santos-Santos v. Barr*, 917 F.3d 486, 492 (6th Cir. 2019) (stating that an alien's prior applications for relief and previous attendance at Immigration Court hearings are factors in determining whether rescinding an in absentia removal order is warranted based on a lack of notice under section 240(b)(5)(C)(ii) of the Act); *Matter of M-R-A-*, 24 I&N Dec. 665, 674 (BIA 2008) (same).

Furthermore, an alien must provide adequate documentary evidence to support a claim of exceptional circumstances. *See, e.g.*, *Matter of B-A-S-*, 22 I&N Dec. 57, 58–59 (BIA 1998); *Matter of Ali*, 21 I&N Dec. 1058, 1060 (BIA 1997). Such evidence should corroborate the cause of the alien's late appearance. General statements alone will generally be insufficient to establish exceptional circumstances. *See Matter of J-P-*, 22 I&N Dec. 33, 34 (BIA 1998); *see also Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 & n.6 (11th Cir. 2003) (per curiam) (concluding that an affidavit of a nurse was insufficient to corroborate an alien's claim that he was too sick to attend his removal hearing); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (determining that an alien provided insufficient evidence of the severity of his illness); *Ursachi v. INS*, 296 F.3d 592, 594 (7th Cir. 2002) (same).

Section 240(b)(5)(A) of the Act provides that an alien who does not attend a proceeding "shall be ordered removed in absentia." An alien's tardiness or absence is determined from the scheduled start time of the removal hearing, and the arrival time at the removal hearing is the time at which the alien enters the courtroom. *See Herbert v. Ashcroft*, 325 F.3d 68, 70 (1st Cir. 2003) (noting that an alien had "arrived late" for his hearing, which was scheduled to begin at 1:00 p.m., when he failed to "actually arrive at the courtroom until around 1:30 p.m.").

In *Matter of S-A-*, 21 I&N Dec. 1050, 1051 (BIA 1997), we held that an alien's general assertion that he was prevented from reaching his hearing on time by heavy traffic does not constitute reasonable cause that would warrant reopening of his proceedings. As noted, the "reasonable cause" standard—which predates the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546—applies to proceedings under former section 242(b) of the Act, 8 U.S.C. § 1252(b) (1988).

In that case, the alien submitted an affidavit asserting that he arrived late for his hearing because of heavy traffic. *Matter of S-A-*, 21 I&N Dec. at 1051. We concluded that this affidavit did not contain sufficient detail, such as the alien's time of departure indicating how much time he allocated for travel, information regarding the location of the heavy traffic or reason for the traffic, or information regarding the efforts made to alert court personnel about his arrival. Under these circumstances, we held that the Immigration

Judge correctly determined that the alien did not establish reasonable cause for his tardy arrival at the hearing.

In *Matter of S-A-*, we did not create a per se rule that traffic conditions cannot be an acceptable reason for a tardy appearance at a hearing. *See De Jimenez v. Ashcroft*, 370 F.3d 783, 789–90 (8th Cir. 2004). Instead, this Board held that an alien's uncorroborated general statements will generally be insufficient to meet the burden of proof to establish reasonable cause for a late appearance. We reaffirm this holding. We also take this opportunity to clarify and extend the evidentiary framework in *Matter of S-A-* to proceedings falling under the exceptional circumstances standard, because this Board has not yet addressed this standard.

We review the Immigration Judge's decision, which is a discretionary determination, pursuant to our de novo authority. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2020). Although the Immigration Judge acknowledged that the female respondent presented evidence of weather and traffic conditions on the morning of the hearing, his decision did not contain significant consideration or analysis of this evidence. The Board generally does not engage in fact-finding in the course of deciding cases. *See* 8 C.F.R. § 1003.1(d)(3)(iv). However, we review the application of legal principles to the undisputed facts de novo. *See Mapouya v. Gonzales*, 487 F.3d 396, 405 (6th Cir. 2007).

Pursuant to our de novo review, we conclude that the female respondent has established exceptional circumstances for her tardy appearance under the totality of the circumstances. Where an alien appears late to a removal hearing as a result of weather and traffic conditions, he or she may establish exceptional circumstances that would warrant reopening the removal proceedings where the extent of the tardiness was reasonable given the cause of the delay, the circumstances causing the tardiness were appropriately exceptional on a case-by-case basis, the weather and traffic conditions were not foreseeable, and the alien provided sufficient documentation corroborating the cause of the tardiness. Other factors, such as any prior affirmative application for relief, previous attendance at Immigration Court hearings, and other evidence indicating that the alien intended to appear at the hearing, may support an exceptional circumstances claim.

We observe that the extent of the female respondent's tardiness was reasonable given the traffic and weather conditions she encountered, as she avers that she arrived in the courtroom at 9:10 a.m., 40 minutes after the scheduled start time of her hearing. We consider the reasons for that

tardiness to determine whether the female respondent has shown exceptional circumstances excusing her 40-minute late appearance.[5]

On this record, we conclude that she presented appropriately exceptional circumstances for her tardiness. As the female respondent does not drive, she hired a professional driver, upon whom she relied to arrive at the courtroom on time. Despite this planning, she was tardy because of a snow storm, which caused multiple accidents and severe traffic on several major thoroughfares in Ohio on the morning of her hearing. Moreover, weather reports indicated that the temperature was lower than usual for the time of year. These severe weather and traffic conditions are distinguishable from the ordinary or foreseeable traffic delays at issue in *Matter of S-A-*.

Further, the female respondent's corroborating information—including the affidavits and the weather and traffic reports—provided sufficient details documenting the reasons for her tardiness. *See* section 240(c)(7)(B) of the Act (providing that motions to reopen "shall be supported by affidavits or other evidentiary material"); 8 C.F.R. § 1003.23(b)(3) (same). In *Matter of S-A-*, the alien's affidavit contained a general assertion that traffic prevented him from arriving on time to his hearing, without describing the location of or reason for the traffic. *Matter of S-A-*, 21 I&N Dec. at 1051. Conversely, in this case, the affidavits from the female respondent and her driver explain that they were stuck in a traffic jam on I-480 caused by weather and a traffic accident, which required the use of side streets. The weather and traffic reports support the allegations in both affidavits of severe weather and delays caused by crashes on multiple thoroughfares, including I-480, the route taken by the female respondent's driver. These detailed, corroborated allegations of unusual weather and traffic conditions affecting the female respondent's specific route to the Immigration Court go beyond the general, uncorroborated assertions at issue in *Matter of S-A-*.

Finally, the female respondent attended prior hearings conducted over a 9-month period, including a September 8, 2017, hearing on the merits of her asylum application. She also filed a motion to reopen proceedings on March 11, 2019, 5 days after the in absentia order was entered. Her previous Immigration Court attendance, the prior applications for relief filed with the Immigration Court, and the promptness with which she filed her motion to reopen support her argument that she intended to timely appear at the March 6, 2019, hearing. *See Jimenez-Castro*, 750 F. App'x at 409; *cf. Santos-Santos*, 917 F.3d at 492. Under the totality of the circumstances, the female respondent established that exceptional circumstances excused her tardy appearance at the hearing.

---

[5]  While we do not decide that such a late arrival will always constitute a reasonable tardiness, we arrive at this conclusion under the circumstances of this case. We emphasize that whether an alien's tardiness is reasonable is to be determined on a case-by-case basis.

We hold that Immigration Judges may exercise their discretion to rescind an in absentia removal order and grant a motion to reopen where an alien has established through corroborating evidence that his or her late arrival to the removal hearing was due to "exceptional circumstances" under section 240(e)(1) of the Act. When making this case-by-case determination, Immigration Judges should consider factors such as the extent of the alien's tardiness, whether the reasons for the alien's tardiness are appropriately exceptional, and any other relevant factors in the totality of the circumstances. Corroborating evidence may include, but is not limited to, affidavits, traffic and weather reports, medical records, verification of the alien's arrival time at the courtroom, and other documentation verifying the cause of the late arrival. General statements—without corroborative evidence documenting the cause of the tardiness—are insufficient to establish exceptional circumstances that would warrant reopening removal proceedings.

We emphasize that this case provides guidance to fill a gap. Here, we have explained that an Immigration Judge, who properly entered an in absentia order of removal, has the authority to determine whether a late arrival constitutes "exceptional circumstances" under section 240(e)(1) of the Act. To provide a focused, efficient approach for adjudication, we have additionally explained the particular types of factors and corroborative evidence that are relevant to such a motion.[6] Accordingly, we will rescind the in absentia order, reopen the proceedings, and remand the record.

**ORDER:** The appeal is sustained, the in absentia order of removal is rescinded, the proceedings are reopened, and the record is remanded for further proceedings consistent with the foregoing opinion.

---

[6] Immigration Judges specialize in making discretionary determinations and judgments. These assessments arise in multiple contexts, including this motion to rescind the in absentia order of removal and reopen proceedings. The Board's role in setting the standards for making these discretionary determinations and judgments is pivotal. *See, e.g.*, *Matter of Rajah*, 25 I&N Dec. 127, 135–37 (BIA 2009) (providing, in the employment visa context, discretionary standards for evaluating whether an alien has demonstrated "good cause" for a continuance, as directed by the Second Circuit in *Rajah v. Mukasey*, 544 F.3d 449, 450 (2d Cir. 2008)).