[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14951
Non-Argument Calendar

_____

Agency No. 15-CA-17506(P)

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

U.S. POSTAL SERVICE,

Respondent.

_____

Application for Enforcement of an Order of
the National Labor Relations Board

_____

**(May 2, 2008)**

Before TJOFLAT, PRYOR and COX, Circuit Judges.

PER CURIAM:

This case comes to us on Application for Enforcement of an Order of the

National Labor Relations Board ("the Board"). The Respondent, the United States

Postal Service ("USPS"), argues that the statement by one of its supervisor-employees, Bobby Powers, which formed the basis of the Board's complaint, is protected by the Petition and Speech Clauses of the First Amendment. The USPS also argues that Powers was speaking as a citizen and not as an agent of the USPS. We reject these arguments and enforce the order.

Bobby Cline, a USPS employee, filed an unfair labor practice charge against Powers, his supervisor, for interfering with union activity in violation of the National Labor Relations Act ("NLRA") § 7, 29 U.S.C. § 157. Upon receiving a copy of the charge, Powers telephoned Cline during a work day to discuss the charge with him. After Cline informed Powers of the basis for the charge, Powers began to yell at Cline. According to the Board's decision and order, Powers told Cline that he was going to be sorry for filing the charge, that Cline "had better get a good attorney, because he was going to sue," and that he, Powers, "already had a good attorney." After making this statement, Powers slammed the phone down. (R.3-7 at 1; *Cline*, 350 N.L.R.B. No. 12, at 1 (2007).)

The Board, construing Powers's statements as a threat of retaliation against Cline for engaging in protected activity, filed an unfair labor practice complaint against the USPS under the NLRA § 8(a)(1), 29 U.S.C. § 158(a)(1). Section 8(a)(1) of the NLRA makes it an "unfair labor practice for an employer . . . to interfere with,

2

restrain, or coerce employees in the exercise of the rights guaranteed in [section 7]." Therefore an employer violates section 8(a)(1) when he threatens an employee with retaliation for engaging in protected activity. *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 617-19, 89 S. Ct. 1918, 1941-43 (1969).

The case was assigned to an Administrative Law Judge ("ALJ"), who determined that Powers was speaking in his role as supervisor, and consequently, was an agent of the USPS. The ALJ then determined that by threatening Cline with unspecified reprisals and a lawsuit, the USPS (through Powers) had engaged in an unfair labor practice in violation of section 8(a)(1). A three-member panel of the Board upheld the ALJ's rulings, findings, and conclusions of law, and later denied the USPS's motion for reconsideration.

As an initial matter, we defer to the Board's finding that Powers was speaking as an agent of the USPS. The Board applies common law rules of agency to determine when an employee is speaking on behalf of his employer. *See Cooper Hand Tools*, 328 N.L.R.B. 145, 145 (1999). Although this determination involves a question of law, the Supreme Court has instructed that courts of appeals should give due deference to the Board's choice between "two fairly conflicting views" on the question of agency. *NLRB v. United Ins. Co. of Am.*, 390 U.S. 254, 260, 88 S. Ct. 988, 991-92 (1968). The record contains substantial evidence supporting the Board's

determination that Powers was speaking as an agent of the USPS. Therefore, we give deference to and affirm that determination.

We now turn to the USPS's arguments that Powers's statements are protected from section 8(a)(1) prosecution by the Petition and Speech Clauses. The thrust of its arguments is that the Board erred in holding that Powers's "genuine" and "unconsummated" threat to sue is not shielded from unfair labor practice liability simply because Powers never filed a lawsuit. *See* USPS Br. at 11 ("One matter before this Court concerns whether the Act, as the NLRB has determined it can, may reach and find illegal a threat to sue . . . that did not culminate in an actual lawsuit."); *id.* at 18 (advocating an interpretation of the NLRA "that does not find an unconsummated threat to sue violative") (alteration to original).

Although two members of the Board did rely "most significantly" on the fact that Powers never filed a lawsuit,[1] the evidence supports the Board's conclusion that Powers's statements constituted a threat of retaliation and were not made incident to contemplated litigation.[2] And, "[t]he findings of the Board with respect to questions

---

[1] Chairman Battista did not rely principally on the fact that Powers did not file a lawsuit in agreeing that Powers's statements were retaliatory. (R.3-7 at 2 n.4; *Cline*, 350 N.L.R.B. No. 12, at 2 n.4.)

[2] We acknowledge the authority explaining that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." *SEC v. Chenery Corp.*, 318 U. S. 80, 95, 63 S. Ct. 454, 462, (1943). In other words, "a reviewing court, in dealing with a determination or judgment which an

of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." 29 U.S.C. § 160(e). Cline reasonably could have believed that Powers's admonition that Cline would be sorry, followed by his threat to sue, amounted to a threat of retaliation for Cline filing a labor charge. While the Board assumed that principles announced in *BE & K Construction Co. v. NLRB*, 536 U.S. 516, 122 S. Ct. 2390 (2002), extended Petition Clause protection to unconsummated threats to sue, we need not assume as much because the evidence shows that Powers's statements were retaliatory even apart from his decision not to file a lawsuit. "So long as the Board has made a plausible inference from the record evidence, we will not overturn its determinations . . . ." *Cooper/T. Smith, Inc. v. NLRB*, 177 F.3d 1259, 1261 (11th Cir. 1999) (citing *Int'l Bd. of Boilermakers v. NLRB*, 127 F.3d 1300, 1306 (11th Cir. 1997)).

And, because an employer's threat of retaliation against an employee for engaging in protected conduct violates section 8(a)(1), Powers's statements do not enjoy Speech Clause immunity. The Supreme Court has made clear that illegal speech

---

administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." K. Davis, *Administrative Law Treatise* § 14.29 (2d ed. 1980). Our decision today does not rely on grounds different from those invoked by the Board. The Board did not rely *solely* on the fact that Powers did not file a lawsuit, and substantial evidence clearly supports its decision that Powers's "threat to sue Cline was not preliminary to, or intertwined with, protected litigation or petitioning activity." (R.3-7 at 2; *Cline*, 350 N.L.R.B. No. 12, at 2.)

5

is not protected under the First Amendment. *See Gissel Packing Co.*, 395 U.S. at 618, 89 S. Ct. at 1942 (an employer's "threat of retaliation based on misrepresentation and coercion . . . [is] without the protection of the First Amendment"). The USPS spends considerable time arguing that a threat to sue made in the labor context may enjoy First Amendment protection. We need not address the extent of First Amendment protection available to such threats, because we have determined that Powers's threat to sue, coupled with the unspecified reprisal, was retaliatory in nature, and thus, illegal under the NLRA.

ORDER ENFORCED.