[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13631
Non-Argument Calendar
_____

Agency No. A094-925-359

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

MARTHA MONTES-CHAVARRIA,
a.k.a. Martha Lorena Montes-Chavarria,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 19, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Martha Montes-Chavarria, through counsel, appeals the Board of Immigration

Appeals' ("BIA") denial of her application for asylum and withholding of removal

under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Montes-Chavarria argues that: (1) the BIA erred in deciding that the Immigration Judge ("IJ") did not commit clear error in making an adverse credibility determination against her; and (2) the IJ erred in finding that she did not establish countrywide persecution because she showed past persecution by Martha Baez, a Nicaraguan police officer. After careful review, we deny the petition.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Here, the BIA issued its own opinion, upholding the IJ's adverse credibility determination, denial of asylum, withholding of removal, and CAT relief, so we only review the BIA's decision.

We review the BIA's factual determinations, including credibility determinations, under the highly deferential substantial evidence test, which requires us to view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001) (quotation omitted). We will not engage in a _de novo_ review of the BIA's factual findings. Adefemi, 386 F.3d at 1027. In sum, findings of fact made by the BIA "may be reversed by this [C]ourt only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id.

First, we are unpersuaded by Montes-Chavarria's claim that the BIA erred in deciding that the Immigration Judge ("IJ") did not commit clear error in making an adverse credibility determination against Montes-Chavarria because her testimony was "plausible, coherent, sufficiently detailed, internally consistent, and consistent with her asylum application," and with the country report on Nicaragua. The BIA must offer specific and cogent reasons for an adverse credibility finding. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). The applicant has the burden to show that the BIA's "credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Id. (internal quotation omitted). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Id. (internal quotation omitted).

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). Pursuant to 8 U.S.C.

3

§ 1158(b)(1)(B)(iii), as amended by the REAL ID Act § 101(a)(3), a credibility determination may be based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006) (emphasis omitted). Generally, tenable explanations for implausibilities in an applicant's testimony will not compel a reasonable fact finder to reverse a credibility determination, especially if corroborating evidence is absent. Id.; see 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that if the trier of fact determines an asylum applicant is not credible, the trier of fact can determine that the applicant should provide corroborating evidence); 8 U.S.C. § 1231(b)(3)(C) (providing the same for withholding of removal claims).

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee," as defined by 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). A "refugee" includes any person who is unwilling to return to, and is unable or unwilling to avail herself of the protection of, the country of her nationality where she last habitually resided, because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving her statutory

4

"refugee" status, thereby establishing asylum eligibility. Al Najjar, 257 F.3d at 1284.

 "To establish asylum [eligibility] based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir.2006). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." Id. (internal quotation and citation omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).

To qualify for withholding of removal under the INA, an alien must show that if returned to her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). If a petitioner is unable to meet the standard of proof for asylum, she is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

To qualify for CAT relief, an applicant must meet standards more stringent than those for asylum eligibility. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007). The applicant carries the burden of proof to establish "that

5

it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1239 (11th Cir. 2007) (quoting 8 C.F.R. § 208.16(c)(2)) (internal quotations omitted).

As the record shows, the BIA provided specific, cogent reasons for its adverse credibility determination. Montes-Chavarria's testimony before the IJ that she had suffered past persecution and feared future persecution by Baez due to political opinion was inconsistent with statements she made to Customs and Border Protection ("CBP") agents shortly after being apprehended that she (1) did not fear persecution or torture if she returned to Nicaragua, and (2) had traveled to the United States to work. Montes-Chavarria's claim before the IJ that Baez targeted her because of her political opinion also was contrary to her statements at her asylum interview, in which she said she was targeted by Baez primarily because of a property dispute. Prior to filing her asylum application, Montes-Chavarria had not alleged that Baez, or anyone else, had targeted her for political reasons, such as opposing the Sandinista regime or being an activist for the Nicaraguan Liberal Alliance ("NLA").

Montes-Chavarria's only explanation proffered for the inconsistencies between her allegations in her asylum application and at the hearing, as compared with her prior statements to the CBP agents and at the asylum interview, was that she did not recall being asked questions about persecution or torture by the CBP agents, did not

6

recall saying that she did not suffer persecution, and was not given sufficient time to discuss her political problems with Baez during the asylum interview. However, these explanations do not compel us to reverse the BIA's determination that Montes-Chavarria lacked credibility.

Moreover, even if Montes-Chavarria could provide a tenable reason for the inconsistencies, she failed to present any corroborating evidence of her political affiliation with the NLA, of her mother's opposition to the Sandinistas, or that she had been threatened on either basis. Montes-Chavarria also failed to present any evidence that Baez was employed as a police officer, or that she was threatened by her stepmother for political reasons. Therefore, substantial evidence supports the BIA's determination that Montes-Chavarria's testimony was not credible. See Chen, 463 F.3d at 1233.

We also reject Montes-Chavarria's argument that the IJ erred in finding that she did not establish countrywide persecution because she showed past persecution by Baez, a government police officer, indicating that countrywide persecution should have been assumed. In deciding whether to uphold a BIA's administrative decision, we are limited to the grounds on which the BIA relied. See NLRB v. U.S. Postal Serv., 526 F.3d 729, 732 n.2 (11th Cir. 2008); Kwon v. INS, 646 F.2d 909, 916 (5th

7

Cir. May 4, 1981) (en banc).[1]  The BIA is expected to apply its expertise first, subject to our review, and we ordinarily will not reach a question that the BIA declined to address.  See Gonzales v. Thomas, 547 U.S. 183, 186-87 (2006); INS v. Ventura, 537 U.S. 12, 16 (2002).

Because the BIA declined to address Montes-Chavarria's countrywide persecution argument, her claim on this point is not properly before us and we will not reach this question.

**PETITION DENIED.**

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).