[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12953
Non-Argument Calendar

_____

Agency No. A028-654-740

UTOH OLUWATOYIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 28, 2014)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Utoh Oluwatoyin petitions us for review of the BIA's decision denying her

motion to reconsider its denial of her motion to reopen her deportation

proceedings.  On appeal, she argues that: (1) the BIA abused its discretion by

denying her motion for reconsideration of its order denying as untimely her motion to reopen because it wrongly applied the 90-day time limitation established in 8 C.F.R. § 1003.2(c)(2); and (2) she was eligible for adjustment of status under 8 U.S.C. § 1255(a).  After careful review, we deny the petition.

We review the BIA's denial of a motion for reconsideration for abuse of discretion.  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).  A motion to reconsider must specify errors of fact or law in the BIA's initial decision, and the motion must be supported by pertinent authority.  Id. (citing 8 C.F.R. § 1003.2(b)(1)).  Reiterating arguments previously presented to the BIA generally does not meet this standard.  Id.

In deciding whether to uphold the BIA's decision, we are limited to the grounds on which the decision relied.  See N.L.R.B. v. U.S. Postal Serv., 526 F.3d 729, 732 n.2 (11th Cir. 2008) (noting that we cannot uphold an administrative order unless the grounds upon which the agency relied were the same grounds upon which the order could be sustained); Kwon v. INS, 646 F.2d 909, 916 (5th Cir. 1981) (en banc) (same).  A party abandons an issue by failing to argue it.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).[1]

An agency's consistent interpretation of its own regulations is due "substantial deference" unless it is plainly erroneous or is inconsistent with the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

regulation.  U.S. Steel Mining Co., LLC v. Director, OWCP, 386 F.3d 977, 985 (11th Cir. 2004) (quotation omitted).  Prior to the implementation of 8 C.F.R. § 1003.2(c)(2), there were no statutory or regulatory time limitations on when a person could move to reopen her proceedings.  Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1361 (11th Cir. 2013).  However, in response to an act of Congress, the agency enacted § 1003.2(c)(2) and other similar regulations in order to lessen successive and frivolous administrative appeals and motions.  Id.

Section 1003.2(c)(2) requires that a motion to reopen deportation proceedings before the BIA be filed within 90 days of the final agency order or on or before September 30, 1996, whichever is later.  8 C.F.R. § 1003.2(c)(2); see also In re H-A-, 22 I. & N. Dec. 728, 733 (BIA 1999) (noting that, although there are now statutory provisions governing motions to reopen filed in removal proceedings, the regulations provide the sole time limitations on filing motions to reopen in deportation proceedings).  A similar regulation applies to motions to reopen before the IJ.  See 8 C.F.R. § 1003.23(b)(1) ("A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later.").  The BIA has held that § 1003.23(b)(1) applies to any final administrative order of removal, deportation, or exclusion entered on or after July 1, 1996, as the

3

regulatory September 30, 1996, deadline is 90 days after July 1, 1996. Matter of Monges Garcia, 25 I. & N. Dec. 246, 250 (BIA 2010).

Previously, we held that the 90-day statutory deadline applicable to removal proceedings was "mandatory and jurisdictional." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). However, in Avila-Santoyo, we relied on new binding Supreme Court precedent limiting the meaning of the term "jurisdiction" to overrule our Abdi decision. Avila-Santoyo, 713 F.3d at 1361. We therefore concluded that the 90-day rule was merely a claims processing rule, and that the 90-day deadline is subject to equitable tolling. Id. at 1362-65. A petitioner's eligibility for equitable tolling is a threshold showing that must be made before the agency or we cannot reach the merits of the underlying claim on a motion to reopen. Ruiz Turcios v. U.S. Att'y Gen., 717 F.3d 847, 851 (11th Cir. 2013). To establish eligibility for equitable tolling, a litigant must show that (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way. Id.

Here, the BIA did not abuse its discretion by denying reconsideration of its order denying as untimely Oluwatoyin's motion to reopen her deportation proceedings. First, we give deference to the BIA's interpretation of the relevant regulations because the conclusion that the 90-day deadline applies to all final orders entered after the effective date of the regulation is not plainly erroneous or

4

inconsistent with the regulation.  Further, Matter of Monges Garcia suggests that § 1003.2(c)(2) also applies to all final administrative decisions issued on or after July 1, 1996, as we can discern no meaningful difference between § 1003.2(c)(2) and § 1003.23(b)(1) that would impact the BIA's interpretation of the deadline. Therefore, because the final administrative order in this case was issued on September 30, 2002, the 90-day timeline applied, meaning that any motion to reopen had to be filed by December 30, 2002.  Because Oluwatoyin did not file her motion to reopen until October 9, 2012, her motion was untimely.

As for whether Oluwatoyin is entitled to equitable tolling of the 90-day deadline, she has abandoned that issue on appeal.  Although she noted in her initial brief that equitable tolling is now available, she has not argued that she, in particular, is entitled to equitable tolling or how equitable tolling specifically applies to her.  Thus, she has abandoned any equitable tolling argument on appeal, and we deny the petition on the untimeliness issue.  Finally, because we deny the petition on this ground, we need not reach her argument that she is entitled to adjustment of status.

**PETITION DENIED.**