[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11735

Non-Argument Calendar

_____

SUKHWINDER SINGH,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-182-008

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Sukhwinder Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals' final order affirming the Immigration Judge's denial of his claims for asylum and withholding of removal, as well as his motion to change venue.

First, Singh asserts that his asylum and withholding claims were improperly denied because the BIA wrongly concluded that he waived a challenge to the IJ's dispositive finding of changed circumstances in his home country. Specifically, he contends that the IJ and BIA used an improper standard for assessing changed circumstances, erred in concluding that he did not suffer past persecution, failed to consider all the evidence in light of the presumption that he was credible, and ignored new evidence that he presented on appeal to the BIA. Second, Singh asserts that the BIA's decision affirming the denial of his change-of-venue motion lacked reasoned consideration of the arguments and evidence. After careful review, we deny Singh's petition in part and dismiss it in part.

I

We review only the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). In deciding whether to uphold the BIA's decision, we are limited to the grounds on which the BIA relied. *See Gonzalez v. U.S. Att'y Gen.*,

820 F.3d 399, 403 (11th Cir. 2016) (stating that this Court does not consider issues that the BIA did not reach); *NLRB v. U.S. Postal Serv.*, 526 F.3d 729, 732 n.2 (11th Cir. 2008) (stating that an administrative agency ruling "cannot be upheld unless the grounds upon which the agency acted . . . were those upon which its action can be sustained" (quotation omitted)). We review legal conclusions *de novo* and factual findings for substantial evidence. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). "[A]gencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We may review a final order of removal only if the alien has exhausted all administrative remedies available to him as a matter of right. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). To exhaust a claim, it is not enough that the petitioner merely identified an issue before the BIA. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). Instead, he must raise the "core issue" before the BIA and set out any discrete arguments that he relies on in support of that claim. *Id.* While the petitioner is not required to use precise legal terminology or provide well-developed arguments, he must provide enough information to permit the BIA to review and correct any errors below. *Id.* "Unadorned, conclusory statements do not satisfy this requirement, and the petitioner must do more than make

a passing reference to the issue." *Id.* (internal quotation omitted). However, a party cannot be barred for failure to raise an argument about a decision not yet in existence. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (2015) (rejecting as "facially nonsensical" the argument that an alien failed to exhaust her claim that the BIA's decision lacked reasoned consideration when that argument was based on a "decision not yet in existence").

The Attorney General has the discretion to grant asylum to an alien who establishes that he is a refugee. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). The burden is on the alien to establish that he is a refugee. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). A refugee includes any person "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [the person's home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

To meet the definition of a refugee, the applicant "must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a 'well-founded fear' that the statutorily-listed factor will cause future persecution." *Ruiz v. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (citing 8 C.F.R. § 208.13(a)–(b)). Where an applicant demonstrates past persecution, a rebuttable presumption that he has a well-founded fear of future prosecution applies. *Id.* The presumption can be overcome with a showing by a preponderance of the evidence that

either (1) there was a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution or (2) the applicant could avoid future persecution by relocating to another part of the country. 8 C.F.R. § 208.13(b)(1)(i)(A)–(B).

Under the withholding of removal provision of the INA, an alien shall not be removed to a country if his "life or freedom would be threatened" on account of "race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)(A). The burden of proof is on the alien to show his eligibility for withholding of removal. 8 C.F.R. § 208.16(b). The alien must demonstrate that it is more likely than not that he will be persecuted or tortured on being returned to his country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). This is a more stringent standard than for asylum, and an applicant who cannot meet the well-founded-fear standard for asylum is generally precluded from qualifying for either asylum or withholding of removal. *Id.* at 1232–33. If an alien establishes past persecution in a country, it is presumed that his life or freedom would be threatened on return to that country unless the DHS shows by a preponderance of the evidence that either (1) there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened on his deportation or removal or (2) the applicant could avoid future threat by relocating to another part of the country. 8 C.F.R. § 208.16(b)(1)(i).

Here, the BIA correctly concluded that Singh waived a challenge to the IJ's dispositive changed-circumstances finding, and

thus the BIA did not err in affirming the IJ's denial of Singh's asylum and withholding of removal claims.

Singh's argument that the IJ misapplied the changed-circumstance requirement is unexhausted, and we dismiss the petition as to that argument. See Kazemzadeh, 577 F.3d at 1350; Gonzalez, 820 F.3d at 403; NLRB, 526 F.3d at 732 n.2; Jeune, 810 F.3d at 800. His arguments about the BIA not fully or correctly addressing the evidence, or not considering certain evidence, are unavailing because in light of its waiver finding, the BIA was not required to address any evidence at all. Bagamasbad, 429 U.S. at 25. Accordingly, we deny Singh's petition in that regard.

## II

Whether the BIA's decision shows reasoned consideration is reviewed de novo. Bing Quan Lin v. U.S. Att'y Gen., 881 F.3d 860, 872 (11th Cir. 2018). Absent reasoned consideration and adequate findings, we must remand for further proceedings. Ali v. U.S. Att'y Gen., 931 F.3d 1327, 1333 (11th Cir. 2019).

The BIA must consider all evidence that an applicant has submitted. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). The BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Id. (quotation omitted). The BIA does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its refusal of logical conclusions, or provides

justifications for its decision which are unreasonable and which do not respond to any arguments in the record. *Id.* at 1375–77; *see also Jean-Pierre v. U.S. Att'y Gen.*, 500 F.3d 1315, 1325–26 (11th Cir. 2007) (remanding a CAT claim for failure to give reasoned consideration). However, the agency "need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Jeune*, 810 F.3d at 803 (quotation omitted).

An IJ may grant a motion for change of venue if a party shows "good cause," but may not grant it without giving the other party notice and an opportunity to respond. 8 C.F.R. § 1003.20(b). In determining whether good cause exists to grant a change of venue, an IJ considers such factors as, among others, administrative convenience, expeditious treatment of the case, the location of the witnesses, and the costs of transporting witnesses or evidence to a new location. *See Matter of Rahman*, 20 I. & N. Dec. 480, 483 (B.I.A. 1992).

"It is a foundational princip[le] of administrative law that a reviewing court must review only the information that was before the agency at the time of its decision in assessing whether that decision was permissible." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019). The INA provides that a court of appeals, in reviewing a final order of removal, "shall decide the petition only on the administrative record on which the order of removal is based." INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A). The record on review of an agency order consists of the order of which the petitioner seeks review, as well as "any findings or report on

which it is based" and "the pleadings, evidence, and other parts of the proceedings before the agency." Fed. R. App. P. 16(a)(1)–(3).

As an initial matter, Singh's argument that the administrative record is incomplete because it lacks materials that he filed in an interlocutory appeal to the BIA is meritless. Singh's petition challenges the BIA's order affirming the IJ's removal order, and our review is limited to the record on which that BIA order is based. *Salmeron-Salmeron*, 926 F.3d at 1286.

Furthermore, the BIA's decision to deny the change of venue motion did not lack reasoned consideration, even though it did not address every claim that Singh made. The BIA neither misstated the record, failed to explain a refusal of logical conclusions, nor provided a justification that was unreasonable or did not respond to arguments in the record. *See Tan*, 446 F.3d at 1375–77. The BIA reviewed the IJ's reasoning in denying the motion and concluded both that the IJ had reviewed the necessary relevant factors and that his finding of no good cause to change venue was correct. Having done so, the BIA was not required to address every claim that Singh made, including that the IJ should have let DHS file a response and that Singh would be prejudiced by not changing venue. *Jeune*, 810 F.3d at 800; 8 C.F.R. § 1003.20(b). Accordingly, we deny Singh's petition for review as to this issue.

**PETITION DENIED IN PART AN DISMISSED IN PART.**