# Matter of Noemi MONGES-Garcia, Respondent

File A072 991 167 - San Diego, California

*Decided May 20, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The 90-day time limitation for filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1) (2010) applies to motions to reopen in absentia deportation orders for the purpose of adjusting status, whether filed before or after the 1996 promulgation of the regulations.

(2)  The 5-year limitation on discretionary relief for failure to appear at deportation proceedings under former section 242B(e)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(e)(1) (1994), is not in conflict with, and does not provide an exception to, the 90-day deadline for filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1).

FOR RESPONDENT:  Eduardo Soto, Esquire, Coral Gables, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Kathleen M. Zapata, Senior Attorney

BEFORE: Board Panel: ADKINS-BLANCH and GUENDELSBERGER, Board Members; KING, Temporary Board Member.

ADKINS-BLANCH, Board Member:

This case was last before us on April 5, 2004, when we dismissed the respondent's appeal from the Immigration Judge's denial of a motion to reopen her October 28, 1994, in absentia deportation order to permit her to apply for adjustment of status. On April 2, 2007, the United States Court of Appeals for the Ninth Circuit remanded the case for us to consider whether the 90-day time limitation for filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1) applies to motions seeking to reopen pre-1996 in absentia deportation orders for the purpose of adjusting status; whether there is any conflict between that rule and former section 242B(e)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(e)(1) (1994); and if there is a conflict, how it should be resolved. Upon further consideration, the respondent's appeal will again be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Honduras.  The record reflects that she entered the United States without inspection on February 16, 1994, after which deportation proceedings were initiated against her with the issuance of an Order to Show Cause and Notice of Hearing (Form I-221).  When the respondent failed to appear for her scheduled hearing on October 28, 1994, the Immigration Judge ordered her deported in absentia.

On April 7, 2003, the respondent filed a motion to reopen her deportation proceedings seeking to apply for adjustment of status based on her marriage to a United States citizen.  In a decision dated April 28, 2003, the Immigration Judge denied the motion, finding that the respondent did not establish that her failure to appear resulted from a lack of notice or exceptional circumstances, as required by former section 242B(e)(1) of the Act, and that her motion was time barred under the regulations.

## II.  APPLICABLE LAW

The provisions of former section 242B of the Act, which relate to notice requirements for deportation proceedings and the consequences of failure to appear, were inserted in the Act by section 545(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5061.[1]  According to the legislative history of the statute, these enforcement provisions were designed to ensure that aliens were properly notified of impending deportation proceedings and, in fact, appeared for such proceedings.  H.R. Rep. No. 101-955, at 132 (1990) (Conf. Rep.), *as reprinted in* 1990 U.S.C.C.A.N. 6784, 6797, 1990 WL 201613, at *6784, *6797 (Joint Explanatory Statement).

---

[1]  Section 242B was amended by section 306(c)(6) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1753, effective as if included in the Immigration Act of 1990.  The provisions of section 242B were subsequently stricken from the Act by section 308(b)(6) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-615 (enacted Sept. 30, 1996) ("IIRIRA").  Similar provisions to address removal proceedings for aliens who were issued a Notice to Appear on or after April 1, 1997, were added by section 304(a)(3) of the IIRIRA, 110 Stat. at 589, which created section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996).  Specifically, sections 240(b)(5) and (7) of the Act provide the consequences and limitations on discretionary relief for failure to appear at removal proceedings.  Section 240(c)(7) sets forth requirements for motions to reopen, including time and number limitations and exceptions to the filing deadlines.

Section 242B(e)(1), which limits an alien's eligibility for discretionary relief as a result of failure to appear at deportation proceedings, provides as follows:

> At deportation proceedings.—Any alien against whom a final order of deportation is entered in absentia under this section and who, at the time of the notice described in subsection (a)(2), was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences under this paragraph of failing, other than because of exceptional circumstances (as defined in subsection (f)(2)) to attend a proceeding under section 242, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the date of the entry of the final order of deportation.

In turn, section 242B(e)(5), as it was subsequently amended by section 306(c)(6)(J) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1753, specifies the forms of relief for which an alien against whom an in absentia deportation order has been entered is ineligible for 5 years:

> Relief covered.— The relief described in this paragraph is—
> (A) voluntary departure under section 242(b)(1),
> (B) suspension of deportation or voluntary departure under section 244, and
> (C) adjustment or change of status under section 245, 248, or 249.

In conjunction with this and other provisions in section 242B relating to the required notice of deportation hearings that must be given to aliens and the consequences for their failure to appear, Congress enacted section 545(d) of the Immigration Act of 1990, 104 Stat. at 5066, which included the following mandate to the Attorney General regarding motions to reopen:

> Within 6 months after the date of the enactment of this Act, the Attorney General shall issue regulations with respect to—
>> (1) the period of time in which motions to reopen and to reconsider may be offered in deportation proceedings, which regulations include a limitation on the number of such motions that may be filed and a maximum time period for the filing of such motions . . . .

Pursuant to this mandate, the Department of Justice issued a final rule that established time and number limitations on motions to reconsider and motions to reopen.  Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900 (Apr. 29, 1996).  The

pertinent regulations relating to motions to reopen submitted to Immigration Judges currently provide the following at 8 C.F.R. § 1003.23(b)(1) (2010):[2]

> Subject to [certain] exceptions . . . , a party may file only one motion to reconsider and one motion to reopen proceedings. . . .  A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later.

## III.  ANALYSIS

### A.  Time Limitations on Filing Motions To Reopen

The regulations limiting motions to reopen were promulgated pursuant to the statutory directive of section 545 of the Immigration Act of 1990. In addressing comments made regarding the proposed regulations, the Department of Justice noted that Congress only gave the Attorney General discretion to determine the number of motions and the length of time to file such motions, allowing no discretion as to whether or not to promulgate such a rule.  61 Fed. Reg. at 18,901 (Supplementary Information).[3]  Thus, consistent

---

[2] As a result of the transfer of the functions of the Immigration and Naturalization Service to the Department of Homeland Security on March 1, 2003, the regulations in chapter I of title 8 of the Code of Federal Regulations were transferred or duplicated to a new chapter V. *See* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824 (Feb. 28, 2003), 2003 WL 553495.  Thus the regulations relating to motions filed with the Immigration Judge, which were originally codified at 8 C.F.R. § 3.23 are now, as amended, at 8 C.F.R. § 1003.23.  *Id.* at 9830.  Similarly, the regulations relating to motions filed with the Board were originally codified at 8 C.F.R. § 3.2 and are now at 8 C.F.R. § 1003.2. *Id.*  References in this decision to the current version of the regulations will be cited according to their new designation.

[3] In support of the regulations, the Department cited the Joint Explanatory Statement of the Committee of Conference, H.R. Rep. No. 101-955, at 133, *as reprinted in* 1990 U.S.C.C.A.N. at 6798, 1990 WL 201613, at *6798, which stated:

> The Attorney General shall issue regulations on the filing deadlines, including a maximum time period, for motions to reopen and to reconsider, and a limit on the number of motions which can be filed.  The Attorney General, in developing these regulations, shall consider exceptions in the interest of justice.  Unless the Attorney General finds reasonable evidence to the contrary, the regulations should state that such motions be made within 20 days of the date of the final determination in the proceeding and that such motions be limited to one motion to reopen and one motion to reconsider.

(continued...)

with the intent of Congress, the Department implemented the final rule, effective July 1, 1996, which provided that a party may file only one motion to reopen proceedings (either before the Board or the Immigration Judge) and that the motion must be filed not later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever was later.[4] *See id.* at 18,901-02, 18,905, 18,908; *see also* 8 C.F.R. §§ 3.2(c)(2), 3.23(b)(4)(i) (1997).

Pursuant to the time limitations imposed by the regulations, a motion to reopen a final administrative order of removal, deportation, or exclusion entered on or after the July 1, 1996, effective date is subject to the 90-day deadline, because 90 days after the date of the order would be later than September 30, 1996. Furthermore, as the regulations make clear, any motion to reopen such a final order entered before July 1, 1996, must necessarily be filed by September 30, 1996, which is the later deadline in that case. Because these regulations were promulgated pursuant to a directive by Congress in conjunction with its enactment of the enforcement provisions of section 242B setting forth the consequences of failure to appear at deportation proceedings, Congress clearly intended that the time and number limitations on motions would further the statute's purpose of bringing finality to immigration proceedings. *See Matter of G-D-*, 22 I&N Dec. 1132, 1134 (BIA 1999); *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). We therefore conclude that the 90-day time limitation for filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1) applies to motions to reopen in absentia deportation orders for the purpose of adjusting status, whether filed before or after the 1996 promulgation of the regulations.

---

(...continued)

Also noted was the decision of the United States Supreme Court in *Stone v. INS*, 514 U.S. 386, 400 (1995), where the Court stated:

> [A] principal purpose of the 1990 amendments to the [Act] was to expedite petitions for review and to redress the related problem of successive and frivolous administrative appeals and motions. In the Immigration Act of 1990, Congress . . . directed the Attorney General to promulgate regulations limiting the number of reconsideration and reopening motions that an alien could file [and] instructed the Attorney General to promulgate regulations specifying the maximum time period for the filing of those motions, hinting that a 20-day period would be appropriate.

[4] Although the legislative history indicates that Congress suggested a 20-day time limit for filing a motion, the final regulation provided 30 days for motions to reconsider and 90 days for motions to reopen. *See supra* note 3.

The respondent is subject to the current version of the regulation at 8 C.F.R. § 1003.23(b)(1), which required her to file her motion to reopen before the Immigration Judge by September 30, 1996, because her in absentia deportation order was issued on October 28, 1994.[5] Her motion to reopen was not submitted until April 7, 2003. It was therefore untimely filed and was properly denied by the Immigration Judge.

### B. Relationship Between Section 242B(e)(1) of the Act and 8 C.F.R. § 1003.23(b)(1)

We find no conflict between former section 242B(e)(1) of the Act and 8 C.F.R. § 1003.23(b)(1). Both of these provisions emanated from congressional concerns regarding delays in immigration proceedings that were expressed when the Immigration Act of 1990 was enacted, but they operate independently of one another. *See* H.R. Rep. No. 101-955, at 132; 136 Cong. Rec. H12,360 (daily ed. Oct. 27, 1990) (statement of Rep. Lamar Smith) (noting that the statute would "establish deadlines for filing appeals and help immigration judges hold in absentia hearings when aliens fail to appear").

Section 242B(e)(1) of the Act provides that an alien who was given proper notice of scheduled deportation proceedings and of the consequences for failure to appear is ineligible for certain discretionary relief for 5 years if he or she fails to appear for the hearing. It is one part of the congressional scheme created by the Immigration Act of 1990, the intent of which was to ensure that aliens appear for their deportation hearings, to bring finality to the proceedings, and to prevent aliens who failed to appear from later benefitting from their continuing unlawful presence in this country.[6]

---

[5] In our prior decision, we found that the respondent received proper notice of her deportation hearing because an Order to Show Cause was personally served and set forth the date of her scheduled hearing. We have no reason to disturb that finding and note that the provisions of section 242B(e)(1) of the Act would also preclude the respondent from seeking adjustment of status were it not for the passage of more than 5 years between her in absentia order and the date her motion to reopen was filed. *Cf. Matter of M-S-*, 22 I&N Dec. 349 (BIA 1998) (holding that although an alien is not required to rescind an in absentia deportation order under section 242B of the Act to pursue an application for new relief where there is no evidence that the required warnings of the consequences of failure to appear were received, the time limitations for filing a motion to reopen nevertheless apply).

[6] Other provisions in the scheme included section 242B(c)(1) of the Act, which provides that if an alien fails to appear for a hearing after the required written notice has been provided and the Government establishes by clear, unequivocal, and convincing evidence that notice was provided and that the alien is deportable, the Immigration Judge must order the alien

(continued...)

*See Matter of M-S-*, 22 I&N Dec. 349, 360-61 (BIA 1998) (Hurwitz, dissenting); *see also Matter of G-D-*, 22 I&N Dec. at 1134; *Matter of J-J-*, 21 I&N Dec. at 984.

The regulatory limitations on the number of motions to reopen an alien can file and the time deadlines for filing such motions were also part of this scheme. Congress specifically required the Attorney General to promulgate the time and number regulations for motions in order to implement this part of its plan to prevent lengthy delays in removing deportable aliens. Immigration Act of 1990, § 545(d), 104 Stat. at 5066. Clearly, in setting these limits on motions, Congress contemplated that aliens would no longer be permitted to file motions to prolong their stay and thereby benefit from remaining in this country following a final order of deportation.[7] We therefore find nothing in the motions regulations that is inconsistent with the provisions of section 242B(e)(1) of the Act, because they also carry out the intent of Congress as expressed in the Immigration Act of 1990.

---

(...continued)
deported in absentia. Such an in absentia deportation order may be rescinded upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of "exceptional circumstances" as defined in section 242B(f)(2). Section 242B(c)(3)(A) of the Act; *see also* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). However, an in absentia deportation order may also be rescinded upon a motion to reopen filed at any time if the alien demonstrates that she did not receive the required notice or was in Federal or State custody and the failure to appear was through no fault of the alien. Section 242B(c)(3)(B) of the Act; *see also* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). Similar provisions regarding removal proceedings were enacted by Congress in the IIRIRA in 1996. *See supra* note 1.

[7] We note that there are some exceptions to the strict limitations on motions to reopen in the regulations. For example, the time and numerical limitations may not apply to motions to reopen that are filed by: (1) aliens who seek to rescind an in absentia order by a showing of lack of notice or "exceptional circumstances"; (2) aliens seeking asylum or withholding of deportation based on changed country conditions; (3) an alien and the Department of Homeland Security jointly; and (4) the Department of Homeland Security when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum. *See* 8 C.F.R. §§ 1003.23(b)(1), (4); *see also* 8 C.F.R. § 1003.2(c)(3) (2010) (relating to motions before the Board). Furthermore, the Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. *See* 8 C.F.R. § 1003.2(a); *see also Matter of G-D-,* 22 I&N Dec. at 1133-34; *Matter of J-J-*, 21 I&N Dec. at 984. In the context of removal proceedings, the statute also contains similar exceptions relating to motions to reopen seeking asylum and rescission of an in absentia order of removal and, in addition, provides an exception for motions filed by aliens under the special rule for battered spouses, children, and parents. *See* sections 240(c)(7)(C)(ii)-(iv) of the Act.

Contrary to the respondent's assertions, the 5-year limitation in section 242B(e)(1) of the Act on an alien's eligibility for discretionary relief as a result of failure to appear at deportation proceedings is not an exception to the 90-day deadline in 8 C.F.R. § 1003.23(b)(1). The 5-year bar is applicable only to aliens who failed to appear for a hearing, including those who left the United States and subsequently returned. The general time limitation on filing a motion in 8 C.F.R. § 1003.23(b)(1) is an independent provision that applies to any alien who has been ordered excluded, deported, or removed. These provisions have separate restrictions for different purposes and are not at odds with one another. Furthermore, since Congress intended to prevent aliens from obtaining benefits as a result of the mere accrual of time after the entry of a final administrative order, it would be inconsistent with that intent to allow an alien who avoided deportation for more than 5 years after failing to appear for a hearing to be exempt from the regulatory time limitations on motions to reopen. We are therefore not persuaded by the respondent's arguments in this regard and conclude that aliens must comply with the applicable provisions of both 8 C.F.R. § 1003.23(b)(1) and section 242B(e)(1) of the Act in order to apply for adjustment of status.[8]

The respondent's motion to reopen the proceedings to apply for adjustment of status was filed on April 7, 2003, well after the regulatory deadlines for seeking reopening of the Immigration Judge's 1994 in absentia deportation order. Furthermore, the motion does not qualify for any of the permissible exceptions to the time limitations for motions to reopen. We therefore agree with the Immigration Judge that the respondent is precluded from reopening her immigration proceedings pursuant to 8 C.F.R. § 1003.23(b)(1). Accordingly, the respondent's appeal from the Immigration Judge's denial of her motion to reopen will once again be dismissed.

**ORDER:** The appeal is dismissed.

---

[8] We note that the regulations exempt motions to reopen that are agreed upon and jointly filed by the alien and the Government from the time limitations governing motions and thereby provide an avenue for aliens to pursue adjustment applications. *See* 8 C.F.R. §§ 1003.2(c)(3)(iii), 1003.23(b)(4)(iv).