FILED

MAY 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JESUS ANGEL RODRIGUEZ-ALVARADO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72042<br><br>Agency No. A072-524-486<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2011
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Jesus Rodriguez-Alvarado, a native and citizen of Peru, petitions for review

of a decision of the Board of Immigration Appeals denying his motion to reopen as

untimely. We deny the petition in part and dismiss it in part.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The 90-day deadline for motions to reopen in 8 C.F.R. § 3.2(c)(2) was not applied retroactively. A statute or regulation has a retroactive effect when it "creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994) (citation omitted). At the time 8 C.F.R. § 3.2(c)(2) became effective, Rodriguez had not yet filed a motion to reopen. He could have met the deadline by filing a motion to reopen by September 30, 1996 – three months from the regulation's effective date and over five months after his deportation order. *See Matter of Monges-Garcia*, 25 I. & N. Dec. 246, 249-250 (BIA 2010).

The court lacks jurisdiction to review petitioner's due process arguments because he did not exhaust them before the BIA. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The request for judicial notice is denied because the court may not take notice of materials outside of the record. 8 U.S.C. § 1252 (b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc).

Petitioner's motion for stay of removal is denied.

**PETITION DENIED IN PART AND DISMISSED IN PART.**