**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSAIA SARO, AKA Joe Tagiciverata, | No. 10-73598 |
| Petitioner, | Agency No. A077-305-082 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred August 8, 2013
Submitted November 1, 2015[**]
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lloyd D. George, Senior District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

Josaia Saro, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' denial of his 2009 motion to reopen a 2002 in absentia removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny in part and dismiss in part the petition for review.

Saro argues that the Board abused its discretion by holding that he received proper notice of his rescheduled hearing. However, the immigration court satisfied both the statute and due process by mailing the notice of changed hearing to the exact address provided by Saro in his written motion to change venue. 8 U.S.C. § 1229a(b)(5)(A); *Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009).

Nor did the BIA abuse its discretion by holding that Saro's motion to reopen to seek adjustment of status was untimely because it was filed seven years after the final removal order. 8 U.S.C. § 1229a(c)(7)(C), formerly codified at 8 U.S.C. § 1229a(c)(6)(C) (2002); 8 C.F.R. § 1003.23(b)(1); *Matter of Monges-Garcia*, 25 I. & N. Dec. 247, 250-51 (BIA 2010).

We lack jurisdiction to consider, and therefore dismiss, Saro's ineffective assistance of counsel claim because it was not raised to the Board. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.