**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FIDENCIO SANCHEZ-URIETA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-72660

Agency No. A096-063-369

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:      GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Fidencio Sanchez-Urieta, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order summarily affirming an immigration

judge's order denying his motion to reopen removal proceedings conducted in

absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The agency did not abuse its discretion in denying as untimely Sanchez-Urieta's motion to reopen, where his motion was filed over nine years after issuance of his final order of removal, and Sanchez-Urieta does not challenge the agency's determination that he received the required written notice of the hearing. *See* 8 C.F.R. § 1003.23(b)(1) & (4)(ii) (setting 180-day deadline for motions to reopen in absentia removal orders based on exceptional circumstances, 90-day deadline for motions to seek new relief, and no deadline for motions based on lack of notice of a hearing). In addition, Sanchez-Urieta failed to establish the due diligence required for equitable tolling of the filing deadline. *See Avagyan*, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

Contrary to Sanchez-Urieta's contention, the BIA's decision in *Matter of M-S-*, 22 I. & N. Dec. 349 (BIA 1998), concerning aliens who do not receive oral warnings of the consequences of failing to appear, does not provide an independent basis for untimely reopening of his removal proceedings to apply for voluntary departure. *See Matter of Monges-Garcia*, 25 I. & N. Dec. 246, 250-53 (BIA 2010)

(regulatory filing deadlines apply to motions to reopen in absentia proceedings in order to apply for new relief).

The agency sufficiently articulated its reasons for denying his motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

In light of this disposition, we need not reach Sanchez-Urieta's remaining contentions regarding whether he demonstrated exceptional circumstances. *See Simeonov v. Ashcroft*, 37 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**