**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIANA DE JESUS SANCHEZ-DUTAN,<br><br>             Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>             Respondent. | No. 09-72716<br><br>Agency No. A072-991-342<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Mariana de Jesus Sanchez-Dutan, a native and citizen of Ecuador, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's order denying her motion to reopen deportation

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Sanchez-Dutan's motion to reopen based on lack of notice of her hearing, where the record shows that she was personally served the Order to Show Cause, which contained the date and location of her hearing, as well as her signature and fingerprint on the certificate of service.  *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (a motion to reopen to rescind an in absentia order may be filed at any time if "the alien demonstrates that he or she did not receive notice"); 8 U.S.C. § 1252b(a)(2)(A) (1994) (notice of hearing shall be given in person or sent by certified mail).

The agency did not abuse its discretion in denying Sanchez-Dutan's motion to reopen to apply for adjustment of status, where her motion was filed more than 13 years after her final order of deportation.  *See* 8 C.F.R. § 1003.23(b)(1) (a motion to reopen must be filed within 90 days of a final order of deportation); *Matter of Monges-Garcia*, 25 I. & N. Dec. 246 (BIA 2010) (the 90-day filing deadline applies to motions to reopen in absentia deportation orders to apply for adjustment of status, as no conflict exists between the 90-day deadline and former 8 U.S.C. § 1252b(e)(1)).

09-72716

Sanchez-Dutan's contention that the agency applied the wrong legal standards in denying the motion to reopen is not supported by the record.

Because the agency did not abuse its discretion or commit any error in denying Sanchez-Dutan's motion to reopen, it follows that the agency did not violate due process in denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

We lack jurisdiction to consider Sanchez-Dutan's unexhausted contentions that the IJ should have held an evidentiary hearing and that the immigration court failed to notify her of a change in her hearing location. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**