# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60589
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

DHARMEGH HASHMUKHBMAI-PATEL,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 589 160

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Dharmegh Hashmukhbmai-Patel, a native and citizen of India, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his motion to reopen his deportation proceedings to rescind an in absentia deportation order. Arguing that the BIA abused its discretion in dismissing his appeal, he contends that he was not given notice of his deportation hearing because he had moved from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60589

the Grand Prairie, Texas address to which the written notice was mailed and thus did not receive it.  Because he was not advised in his native language of Gujarati of the Order to Show Cause's (OSC) contents or his obligation to notify the immigration court within five days regarding a change of address, he contends that notice mailed to the Grand Prairie, Texas address could not qualify as notice sent to his "last known address," despite his failure to notify the court of his address change.  Hashmukhbmai-Patel notes that if proceedings were reopened, he would be eligible for an I-601A provisional waiver of inadmissibility based on his wife's I-130 visa petition.

We review the BIA's dismissal of an appeal from an IJ's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  The decision must be upheld "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*  We review questions of law de novo and factual findings for substantial evidence.  *Id.*  Under the substantial-evidence test, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.*

Under the rules applicable to Hashmukhbmai-Patel's case, an alien may file a motion to reopen at any time to rescind an in absentia deportation order if he demonstrates that he did not receive proper notice of the deportation hearing.  *See* 8 U.S.C. § 1252b(c)(3) (West 1993) (repealed Sept. 30, 1996). Upon being released on bond after being detained by immigration authorities, Hashmukhbmai-Patel signed the OSC and an address notification, which were written in English and Spanish and which contained several notifications and warnings required by statute, including his obligation to provide his mailing address to the immigration court, the requirement that he notify the court of

any change in address within five days of the change, and the consequences of failing to provide a current address. *See* 8 U.S.C. § 1252b(a)(1)(F) (West 1993) (repealed). The OSC stated that it was served in person and that Hashmukhbmai-Patel was provided oral notice in English that the time and place for the removal hearing would be set later. Although Hashmukhbmai-Patel argues that he was not properly notified in his native language, the statute required only that notice be provided in English and Spanish. *See* 8 U.S.C. § 1252b(a)(3)(A) (West 1993). Additionally, the record establishes and Hashmukhbmai-Patel does not dispute that the immigration court attempted to send notice of the deportation hearing by certified mail, return receipt requested, to the Grand Prairie, Texas address, which was the only address provided by Hashmukhbmai-Patel to the court. Under these circumstances, the record does not compel a conclusion contrary to the BIA's determination that notice of the deportation proceedings was sufficient. *See* § 1252b(c)(1) (West 1993).

Furthermore, to the extent that Hashmukhbmai-Patel's argument could be construed to challenge the denial of relief based on his new request for adjustment of status, as described in § 1252b(e)(1) and (5) (West 1993), rather than his request for rescission of the deportation order based on a lack of notice under § 1252b(c)(3) (West 1993), he does not dispute the BIA's determination that his motion to reopen on that basis was subject to a 90-day limitations period, and was thus untimely. *See Matter of Monges-Garcia*, 25 I. & N. Dec. 246, 253 (BIA 2010). Therefore, the record does not compel a contrary conclusion. *See Gomez-Palacios*, 560 F.3d at 358.

Hashmukhbmai-Patel does not argue, as he argued on appeal to the BIA, that he is entitled to a sua sponte reopening of his deportation

proceedings based on exceptional circumstances.  Accordingly, he has abandoned this issue.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

In light of the foregoing, the BIA did not abuse its discretion in dismissing Hashmukhbmai-Patel's appeal of the IJ's denial of the motion to reopen.  *See Gomez-Palacios*, 560 F.3d at 358.  Accordingly, Hashmukhbmai-Patel's petition for review is DENIED.