**NOT FOR PUBLICATION**

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSAIA SARO, AKA Joe Tagiciverata,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No.  17-72845<br>        19-70065<br><br>Agency No. A077-305-082<br><br>MEMORANDUM* |
| JOSAIA SARO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No.  16-73686<br><br>Agency No. A077-305-082 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026**
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

In these consolidated petitions for review, Josaia Saro, a native and citizen of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fiji, seeks review of three decisions from the Board of Immigration Appeals ("BIA"): (1) its November 9, 2016, denial of Saro's second motion to reopen (case number 16-73686); (2) its September 26, 2017, denial of Saro's third motion to reopen (case number 17-72845); and (3) its December 11, 2018, denial of Saro's fourth motion to reopen, reconsider, or terminate proceedings (case number 19-70065). Except where noted otherwise, we have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and dismiss in part the petitions for review.

Saro was admitted into the United States in 1999 as a non-immigrant visitor. Saro remained in the United States longer than authorized, and on May 8, 2002, he was issued a Notice to Appear ("NTA"). This initial NTA did not contain a date, time, or location for Saro's first hearing, but the information was included in an additional notice that was mailed to Saro at a later date. On August 29, 2002, Saro failed to appear for his scheduled hearing and was ordered removed *in absentia*. Nearly seven years later, on July 13, 2009, Saro filed a motion to reopen. The Immigration Judge ("IJ") denied Saro's motion, the BIA dismissed Saro's appeal, and this court denied in part and dismissed in part Saro's petition for review. *See Saro v. Lynch*, 621 F. App'x 510 (9th Cir. 2015). Since then, Saro has filed three additional motions to reopen. At issue here is the BIA's denial of each of those three motions.

We review the BIA's denial of motions to reconsider, reopen, or terminate

2

proceedings for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (motions to reconsider and motions to reopen); *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020) (motions to terminate proceedings). "The BIA abuses its discretion when its decision is arbitrary, irrational or contrary to law." *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021). "We review legal and constitutional questions de novo." *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1111 (9th Cir. 2024).

1. <u>Saro's Second Motion to Reopen (No. 16-73686).</u>  The BIA did not abuse its discretion in denying Saro's untimely second motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (noting that a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened").  First, the BIA correctly concluded that Saro's "status as the beneficiary of an approved visa petition d[id] not fall within any of the statutory or regulatory exceptions to the applicable time and numerical restrictions imposed on motions to reopen." *See id.* § 1003.2(c)(3).

Second, substantial evidence supports the BIA's determination that Saro failed to show that conditions in Fiji had materially changed since the IJ's 2002 *in absentia* removal order such that his proceedings should be reopened so that he could apply for asylum, withholding of removal, or protection under the Convention Against Torture. *See id.* § 1003.2(c)(3)(ii) (noting that despite the time and

numerical restrictions for motions to reopen, proceedings may be reopened so that a petitioner can apply for relief based on "changed circumstances arising in the country of nationality"); *Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010) ("We review factual findings regarding changed country conditions for substantial evidence."). Similarly, substantial evidence supports the BIA's determination that the evidence did not show that Saro had established a nexus between a protected ground and the harm he feared. There was no evidence that anyone had expressed an interest in Saro since he left Fiji in 1999 or that anyone would be interested in him now based on his former military status, political opinion, or other activities. Moreover, substantial evidence supports the BIA's finding that Saro would not "more likely than not face torture" if removed to Fiji.

Third, the BIA did not abuse its discretion by declining to equitably toll the deadline to file a motion to reopen based on ineffective assistance of counsel. The typical 90-day deadline to file a motion to reopen may be equitably tolled if a petitioner can show that (1) "some extraordinary circumstance" prevented its timely filing and (2) the petitioner "acted with due diligence in pursuing his rights." *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (quoting *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022). Importantly, ineffective assistance of counsel may qualify as an extraordinary circumstance warranting equitable tolling. *See Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). But as the BIA noted, Saro

4

did not argue that he was prevented from timely filing the relevant motions due to "deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Instead, Saro argued that counsel filed "essentially pro forma briefs" that were "not tailored to the circumstances" of his case. In other words, Saro's ineffective assistance claim presents vague challenges to the substance of the filings—not their untimeliness. For this same reason, any due process argument also fails. *See Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005) (noting that to prevail on an ineffective assistance of counsel due process claim, a petitioner must comply with certain procedural requirements, including submitting an affidavit that explains their agreement with their prior counsel).

Finally, we lack jurisdiction to review the BIA's conclusion that Saro failed to present any "exceptional situation" that would warrant reconsideration or reopening under the BIA's *sua sponte* authority. We have jurisdiction to review such decisions only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Here, there is nothing to suggest that the BIA committed legal or constitutional error in the exercise of its discretionary authority to reopen proceedings *sua sponte*.

2. <u>Saro's Third Motion to Reopen (No. 17-72845).</u> The BIA did not abuse its discretion in denying Saro's third motion to reopen. Once again, Saro failed to

5

demonstrate that any exception applied to the number and time limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2)-(3). Additionally, we lack jurisdiction to review the BIA's decision not to exercise its authority to reopen proceedings *sua sponte*. Here, the BIA stated that (1) it did not "find an adequate basis" for granting the request, (2) the one-page unpublished BIA decision Saro submitted in support of his motion concerned different circumstances, and (3) "in any event," the BIA is "not bound" by its own unpublished decisions. Because there was no legal or constitutional error in the BIA's interpretation or application of its discretionary power to reopen proceedings *sua sponte*, we lack jurisdiction to review the decision. *Bonilla*, 840 F.3d at 588.

3. Saro's Fourth Motion to Reopen (No. 19-70065). The BIA did not abuse its discretion in denying Saro's fourth motion to reopen, reconsider, or terminate proceedings. First, the BIA did not abuse its discretion by denying Saro's untimely motion to reconsider "any of the [BIA's] previously entered decisions." At the time of Saro's motion, the BIA's most recent previous decision was dated September 27, 2017. But Saro did not submit his motion to reconsider until approximately ten months later, on July 23, 2018. Accordingly, whether Saro's motion is construed as a motion to reconsider or a motion to reopen, it was untimely. *See* 8 C.F.R. § 1003.2(b)(2) (motion to reconsider must be filed within 30 days); *id.* § 1003.2(c)(2) (motion to reopen must be filed within 90 days).

6

Furthermore, the BIA did not err in rejecting Saro's argument that the Supreme Court's intervening decision in *Pereira v. Sessions*, 585 U.S. 198 (2018), warranted tolling the reopening deadline or terminating his proceedings altogether. *See Lona*, 958 F.3d at 1230–31 (noting that a change in law may qualify as an extraordinary circumstance warranting equitable tolling). Saro argued that the BIA should vacate the IJ's 2002 order of removal because his initial NTA was "defective" under *Pereira* and thus insufficient to vest the IJ with jurisdiction. But this argument is foreclosed by this court's decision in *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020), which held that an NTA's failure to include a time, date, and place does not deprive the immigration court of jurisdiction.

Similarly, the BIA did not abuse its discretion in declining to reopen proceedings so that Saro could, with the benefit of the new stop-time rule articulated in *Pereira*, apply for cancellation of removal. As the BIA noted, at the time of Saro's initial hearing, Saro did not have ten years of continuous physical presence in the United States and thus "would have been ineligible for cancellation of removal." In other words, even if *Pereira* had been the law at the time of the agency's final order of removal, the result would have been the same. Furthermore, the BIA's decision not to credit time accrued after the IJ's order of removal was not an abuse of discretion.

Finally, we lack jurisdiction to review the BIA's decision not to reopen

proceedings *sua sponte* because Saro failed to identify a legal or constitutional error in the BIA's exercise of discretion. *See Bonilla*, 840 F.3d at 588.

**THE PETITIONS ARE DENIED IN PART AND DISMISSED IN PART.**[1]

---

[1] The stay of removal granted in case number 17-72845, Dkt. 11, shall remain in place until the mandate issues.